*In re* PARA APROBAR LAS REGLAS DE DISCIPLINA JUDICIAL Y DEROGAR LAS REGLAS DE PROCEDIMIENTO PARA ACCIONES DISCIPLINARIAS Y DE SEPARACIÓN DEL SERVICIO POR RAZÓN DE SALUD DE JUECES O JUEZAS DEL TRIBUNAL DE PRIMERA INSTANCIA Y DEL TRIBUNAL DE CIRCUITO DE APELACIONES DE PUERTO RICO.

*Número:* ER-2005-02       *Resuelto:* 8 de marzo de 2005

## RESOLUCIÓN

En virtud de la autoridad que le otorga la Constitución del Estado Libre Asociado de Puerto Rico —Art. V, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1— al Tribunal Supremo para destituir a los jueces de los demás tribunales, por las causas y mediante el procedimiento que se disponga por ley, y en conformidad con la facultad que el Art. 6.006 de la Ley de la Judicatura de 2003 (4 L.P.R.A. sec. 25n) le concede para aprobar el procedimiento disciplinario y de separación del servicio de los jueces y las juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, aprobamos las *Reglas de Disciplina Judicial* que se acompañan a esta Resolución.

Quedan derogadas las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones de Puerto Rico, aprobadas el 24 de noviembre de 1992.

El Tribunal Supremo agradece la labor de los miembros del Comité para la Revisión de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Ape-

laciones: Hon. Aida N. Molinary, presidenta; Profesor Carlos I. Gorrín Peralta; Hon. Isabel Llompart Zeno; Hon. Ivonne Díaz Pérez, y Lcda. Patricia Otón Olivieri, por su excelente labor y cumplimiento con la encomienda que les fue delegada.

Esta Resolución tiene efectividad a partir del 1 de abril de 2005.

*Publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

(*Fdo.*) Aida I. Oquendo Graulau
*Secretaria del Tribunal Supremo*

## · REGLAS DE DISCIPLINA JUDICIAL

*Regla 1. Título*

Estas reglas se conocerán como Reglas de Disciplina Judicial.

*Regla 2. Fundamento jurídico*

Estas reglas se aprueban en conformidad con las disposiciones del Art. V, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico y del Art. 6.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003. Tienen el fin de garantizar a la ciudadanía y a la Judicatura la justa y pronta consideración de todo asunto presentado y el debido proceso de ley.

*Regla 3. Alcance de estas reglas*

Estas reglas regirán el procedimiento disciplinario contra Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones por:

(a)   violación a la ley, a los Cánones de Ética Judicial,

al Código de Ética Profesional, a las órdenes y a las normas administrativas aplicables, o por negligencia crasa, inhabilidad o incompetencia profesional manifiesta en sus deberes judiciales, o

(b) condición de salud física o mental, ya sea temporera o permanente, que menoscabe el desempeño de sus funciones judiciales.

## Regla 4. Definiciones

Las siguientes palabras y frases utilizadas en estas reglas significarán:

(a) *Abogado* o *abogada no postulante* — aquel abogado o aquella abogada cuya actividad profesional principal no conlleva el litigio ante los tribunales.

(b) *Alguacil* o *alguacila* — alguacil o alguacila del Tribunal Supremo, o cualquier alguacil designado o alguacila designada por aquél o aquélla.

(c) *Causa probable* — base razonable para creer que existen hechos que justifican la presentación de una querella o petición de retiro involuntario.

(d) *Comisión* — Comisión de Disciplina Judicial, organismo colegiado que preside los procedimientos disciplinarios y de retiro involuntario de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones.

(e) *Comisionado Asociado* o *Comisionada Asociada* — miembro de la Comisión de Disciplina Judicial.

(f) *Director* o *Directora* — Director Administrativo o Directora Administrativa de los Tribunales.

(g) *Expediente personal* — expediente personal del abogado admitido o de la abogada admitida al ejercicio de la abogacía, que permanece bajo la custodia del Tribunal Supremo.

(h) *Juez* o *Jueza* — el Juez o la Jueza del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico, o el juez especial designado o la jueza especial designada por el Juez Presidente o por la Jueza Presidenta;

(i) *Oficina de Asuntos Legales* — Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales.

(j) *Parte promovente* — cualquier persona natural que presente una solicitud para que se investigue la conducta o capacidad de un juez o de una jueza.

(k) *Petición de retiro involuntario* — escrito presentado ante la Comisión de Disciplina Judicial, luego de una determinación de causa probable, en el cual se alega que la condición de salud física o mental de un juez o de una jueza menoscaba el desempeño de sus funciones judiciales.

(l) *Presidente* o *Presidenta* — Presidente o Presidenta de la Comisión de Disciplina Judicial.

(m) *Queja* — solicitud de investigación contra un juez o una jueza por conducta incompatible con su función judicial.

(n) *Querella* — escrito presentado ante la Comisión de Disciplina Judicial, luego de una determinación de causa probable, en el cual se le imputa a un juez o a una jueza conducta que pueda conllevar la imposición de cualquier sanción disciplinaria por violación a la ley, a los Cánones de Ética Judicial, al Código de Ética Profesional, a las órdenes y normas administrativas aplicables por negligencia crasa o inhabilidad personal manifiesta en sus deberes judiciales.

(o) *Reglas* — Reglas de Disciplina Judicial.

(p) *Secretario* o *Secretaria* — Secretario o Secretaria del Tribunal Supremo de Puerto Rico o el funcionario o la funcionaria que aquél o aquélla designe.

(q) *Tribunal* — Tribunal Supremo de Puerto Rico.

## Regla 5. Presentación y contenido de la queja

(a) Cualquier persona interesada en que se investigue la conducta de un Juez o de una Jueza podrá presentar una queja personalmente o por correo ante la Oficina de Asuntos Legales.

(b) La queja cumplirá con los requisitos siguientes:

(1)   Se formulará por escrito.

(2)   Se formulará bajo juramento.

(3)   Indicará el nombre completo, la dirección postal y el número de teléfono de la persona promovente.

(4)   Identificará al Juez promovido o a la Jueza promovida por su nombre y el tribunal en el que se alega que ocurrieron los hechos, y de desconocerlos, brindará suficientes datos que permitan su identificación.

(5)   Expondrá brevemente los hechos que motivan la queja e indicará la fecha y el lugar donde ocurrieron.

(6)   Incluirá, además, cualquier otra información e identificará los testigos y los documentos que sustenten la queja.

(c)   El Juez Presidente o la Jueza Presidenta, un Juez Asociado o una Jueza Asociada, o el Director o la Directora, podrá solicitar, a iniciativa propia y por escrito, una investigación sobre la conducta o capacidad de un Juez o una Jueza. Dicha solicitud se considerará como una queja, sin que sea necesario cumplir con los requisitos formales del inciso (b) de esta regla.

*Regla 6.  Evaluación de la queja*

(a)   La Oficina de Asuntos Legales evaluará toda queja dentro de los quince días siguientes a su presentación.

(b)   Si la queja no cumple con los requisitos de forma de la Regla 5, se notificará a la parte promovente, por correo certificado con acuse de recibo, la razón que la hace insuficiente, así como la forma y el término para subsanarla. Se advertirá a la parte promovente que deberá corregir la insuficiencia conforme a los señalamientos dentro del término de treinta días a partir de la notificación y que, transcurrido este término sin que sea efectuada la subsanación, la Oficina de Asuntos Legales considerará la queja como retirada.

(c)   Si la queja cumple con los requisitos de forma de la Regla 5, la Oficina de Asuntos Legales lo informará al Di-

rector o a la Directora, quien determinará si procede el inicio de la investigación. De así determinarlo, ordenará el inicio de la investigación a la Oficina de Asuntos Legales o a la persona a quien designe. La Oficina de Asuntos Legales o la persona a quien el Director o la Directora delegó la investigación, notificará del inicio de la investigación a la parte promovente y al Juez promovido o a la Jueza promovida. La notificación a este último o esta última incluirá copia de la queja.

(d) Si el Director o la Directora determina que no procede el inicio de la investigación, notificará su determinación del archivo de la queja al Juez promovido o a la Jueza promovida con una copia de la queja. Además, notificará dicha determinación a la parte promovente y su derecho a solicitar una reconsideración dentro de los diez días siguientes a la notificación. También, le advertirá que de no solicitar la reconsideración dentro del término dispuesto, la determinación será final.

(e) Si durante una investigación contra un Juez o una Jueza se descubre información que amerite investigar a otro juez u otra jueza, el Director o la Directora deberá notificar inmediatamente a este último o a esta última el inicio de la investigación en su contra. Dicha notificación describirá la alegada conducta y los hechos específicos por los que se le investiga.

(f) En aquellos casos en que se inicie la investigación a solicitud del Juez Presidente o de la Jueza Presidenta, de un Juez Asociado o una Jueza Asociada, o del Director o de la Directora, en conformidad con la Regla 5(c), se notificará del inicio de la investigación al Juez promovido o a la Jueza promovida con una copia de la queja presentada.

(g) El Director a la Directora informará sobre el inicio de la investigación al Juez Presidente o a la Jueza Presidenta, con una copia de la queja presentada, dentro de un plazo de diez días contado a partir del día en que se ordene el inicio de la investigación.

(h)   Toda queja presentada será anotada en el Registro de Quejas de la Oficina de Asuntos Legales.

*Regla 7. Investigación; derechos del Juez promovido o de la Jueza promovida*

(a)   El Juez promovido o la Jueza promovida expondrá por escrito su posición sobre el contenido de la queja dentro del término de diez días, contado a partir de la notificación del inicio de la investigación. Podrá solicitar una prórroga por justa causa. Si el Juez promovido o la Jueza promovida no expone su posición durante el término dispuesto, el procedimiento continuará sin el beneficio de su comparecencia.

(b)   La Oficina de Asuntos Legales o la persona designada por el Director o la Directora realizará la investigación de la queja y rendirá al Director o a la Directora un informe de investigación, dentro de un término de ciento veinte días a partir de la notificación de la queja al Juez promovido o a la Jueza promovida conforme a la Regla 6(c). Este término podrá ser ampliado por el Director o la Directora por justa causa.

(c)   Durante la etapa de investigación, el Juez promovido o la Jueza promovida tendrá derecho a:

(1)   asistencia legal desde el inicio de la investigación;

(2)   inspeccionar y obtener copia de todos aquellos documentos, declaraciones o evidencia pertinente al caso, y

(3)   conocer la identidad de los testigos presentados en su contra.

*Regla 8. Informe de investigación*

(a)   El informe de investigación que rinda la Oficina de Asuntos Legales contendrá una exposición de los hechos y un análisis de éstos a la luz del derecho aplicable. Incluirá

además, como apéndice, toda la prueba documental y referencia a cualquier otra prueba que lo sustente.

(b)   Si el informe expone una conducta que amerita acción disciplinaria, el Director o la Directora lo remitirá a la Comisión, dirigido al Secretario o a la Secretaria, dentro de los diez días siguientes a su recibo, para la determinación de causa o no causa probable, conforme a la Regla 12. Además, notificará simultáneamente de su envío, mediante entrega personal al Juez promovido o a la Jueza promovida, con copia del informe de investigación y de su apéndice. Asimismo, la parte promovente será notificada del envío del informe de investigación a la Comisión.

(c)   Si el informe no expone la conducta que amerita la acción disciplinaria, el Director o la Directora, dentro de igual término de diez días desde su recibo, desestimará la queja, ordenará su archivo y notificará dicha determinación al Juez promovido o a la Jueza promovida, y a la parte promovente.

(d)   La notificación a la parte promovente le informará de su derecho a solicitar una reconsideración ante el Director o la Directora, dentro de los diez días siguientes a la notificación de archivo, si no está conforme con la determinación de desestimar la queja. De no solicitar una reconsideración, la determinación del Director o de la Directora será final.

*Regla 9. Reconsideración de la determinación del Director o de la Directora de archivar la queja; revisión ante el Juez Presidente o la Jueza Presidenta*

(a)   El Director o la Directora, dentro de los diez días de haberle sido presentada la solicitud de reconsideración dispuesta en la Regla 8(d), deberá considerarla y notificar su determinación a la parte promovente y al Juez promovido o a la Jueza promovida.

(b)   La parte promovente podrá presentar una solicitud de revisión ante el Juez Presidente o la Jueza Presidenta,

dentro de los diez días siguientes a la notificación del Director o de la Directora, sosteniendo su determinación inicial. Deberá fundamentar su solicitud, exponer en detalle los hechos que la justifican y notificarla al Director o a la Directora y al Juez promovido o a la jueza promovida.

(c) El Juez Presidente o la Jueza Presidenta requerirá al Director o a la Directora que le remita el expediente que obra en la Oficina de Asuntos Legales, el cual deberá incluir el informe de la investigación realizada.

(d) El Juez Presidente o la Jueza Presidenta podrá confirmar la decisión del Director o de la Directora, revocarla o devolver el expediente con la orden de que amplíe la investigación.

(e) La determinación del Juez Presidente o de la Jueza Presidenta será notificada a la parte promovente por el Secretario o la Secretaria al Juez promovido o a la Jueza promovida, y al Director o a la Directora.

*Regla 10. Confidencialidad del expediente; acceso al informe de investigación*

(a) El expediente de la Oficina de Asuntos Legales sobre la evaluación y la investigación de la queja es de naturaleza confidencial.

(b) El Juez promovido o la Jueza promovida podrá renunciar por escrito a la confidencialidad en la etapa de investigación de la queja.

(c) La norma de confidencialidad del inciso (a) de esta regla no aplicará a peticiones de información procedentes de la Oficina de Nombramientos Judiciales de la Oficina del Gobernador o de la Gobernadora, de la Oficina de la Comisión de Evaluación Judicial adscrita a la Oficina del Juez Presidente o de la Jueza Presidenta, de la Comisión de Nombramientos del Senado y de la Comisión de Nombramientos Judiciales del Colegio de Abogados de Puerto Rico. La Oficina de Asuntos Legales informará del resul-

tado de la investigación y del procedimiento a dichas entidades.

(d)   La Oficina de Asuntos Legales enviará al Juez promovido o a la Jueza promovida una copia de toda comunicación que sea remitida a las entidades correspondientes, en conformidad con el inciso (c) de esta regla.

(e)   Tan pronto se le notifique al Juez promovido o a la Jueza promovida la determinación del Director o de la Directora de archivar la queja o de referirla a la Comisión, tanto el informe de investigación como sus anejos estarán disponibles para escrutinio público.

(f)   Aun cuando el informe de investigación y sus anejos estén disponibles para escrutinio público, se deberá proteger la información privilegiada que obre en dichos documentos mediante una orden de protección debidamente fundamentada. También, ésta se deberá proteger cuando se puedan lesionar derechos fundamentales de terceros o cuando menoscabe el derecho a la intimidad del Juez promovido o de la Jueza promovida.

*Regla 11.  Uso, disposición y acceso a quejas desestimadas*

(a)   Toda queja desestimada no constará en el expediente personal del Juez exonerado o de la Jueza exonerada.

(b)   El expediente de toda queja desestimada permanecerá bajo la custodia de la Oficina de Asuntos Legales hasta que el Juez exonerado o la Jueza exonerada haya cesado en su cargo.

(c)   El Director o la Directora aprobará unas normas internas para facilitar el acceso a los expedientes de las investigaciones bajo estas reglas. Podrá asimismo solicitarle al Tribunal que emita las órdenes que sean necesarias, que surjan al amparo de la Regla 9(f), para proteger la información privilegiada bajo las Reglas de Evidencia o aquella información que pueda lesionar derechos fundamentales de terceros.

(d)   La solicitud de examen de un expediente custodiado por la Oficina de Asuntos Legales deberá ser notificada al Juez investigado y exonerado o a la Jueza investigada y exonerada. Éste o ésta podrá, dentro de un término de diez días, solicitarle al Director o a la Directora que mediante una orden del Tribunal proteja su derecho a la intimidad sobre aquella información en el expediente que considere privilegiada, fundamentando su solicitud.

*Regla 12.  Comisión de Disciplina Judicial*

(a)   *Creación*

La Comisión queda establecida en conformidad con la autoridad concedida por el Art. V, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico, y por el Art. 6.005 de la Ley de la Judicatura de 2003. La Comisión auxiliará al Tribunal en el ejercicio de su responsabilidad en asuntos de disciplina y de retiro involuntario de Jueces o Juezas.

(b)   *Composición*

La Comisión estará compuesta por un Presidente o una Presidenta y cinco Comisionados Asociados o Comisionadas Asociadas, nombrados o nombradas por el Tribunal.

(c)   *Nombramiento*

(1)   Los miembros de la Comisión serán nombrados por un término de cuatro años y hasta que el sucesor o la sucesora tome posesión del cargo.

(2)   El Tribunal podrá nombrar, además, dos Comisionados Asociados Alternos o Comisionadas Asociadas Alternas para aquellos casos en que más de uno o una en propiedad no pueda participar en algún asunto particular.

(d)   *Requisitos*

El Presidente o la Presidenta y dos Comisionados Asociados o Comisionadas Asociadas deberán ser ex Jueces o ex Juezas no postulantes del Tribunal General de Justicia,

dos Comisionados Asociados o Comisionadas Asociadas serán abogados o abogadas no postulantes con por lo menos cinco años de experiencia y el restante Comisionado Asociado o Comisionada Asociada será un ciudadano o una ciudadana que no sea abogado o abogada.

(e) *Dietas*

Los Comisionados Asociados o las Comisionadas Asociadas que no estuviesen empleados o empleadas permanentemente por el Estado Libre Asociado de Puerto Rico, sus agencias o corporaciones públicas, tendrán derecho a recibir una dieta de cien dólares por cada reunión de la Comisión a que asistan o por cada día en que realicen gestiones, por encomienda de la Comisión o de su Presidente o Presidenta, en relación con los deberes que les imponen estas reglas.

(f) *Acuerdos y quórum*

Todos los acuerdos de la Comisión serán adoptados por mayoría simple de los presentes. Tres miembros de la Comisión constituirán quórum. Cuando el Presidente o la Presidenta esté ausente o no intervenga en algún asunto, el Comisionado Asociado o la Comisionada Asociada con el término inicial de nombramiento más largo o, en lo sucesivo, el o la de mayor antigüedad, actuará como Presidente Interino o Presidenta Interina, excepto que no podrá actuar como tal el Comisionado Asociado o la Comisionada Asociada que no sea abogado o abogada. No obstante, el Presidente o la Presidenta tendrá la facultad de designar interinamente como presidente o presidenta a cualquier Comisionado Asociado o Comisionada Asociada cuando el o la de mayor antigüedad se inhiba voluntariamente a participar en algún asunto.

(g)  *Funciones; Comisionados Asociados o Comisionadas Asociadas; personal*

(1)  El Presidente o la Presidenta designará a cualquiera de los Comisionados Asociados o las Comisionadas Asociadas para que evalúe el informe de investigación y proceda a determinar si existe o no causa probable para presentar una querella o petición de retiro involuntario contra el Juez promovido o la Jueza promovida, en conformidad con la Regla 12.

(2)  La Comisión considerará en vista evidenciaria aquellas querellas o peticiones de retiro involuntario en las cuales se haya determinado causa probable en relación con cualquier Juez o Jueza en funciones, y recomendará al Tribunal la acción a seguir.

(3)  La Comisión podrá adoptar normas compatibles con estas reglas para su funcionamiento interno.

(4)  La Comisión o cualquiera de sus miembros podrá tomar juramento, requerir la comparecencia de testigos y la presentación de libros, registros, documentos u objetos pertinentes, celebrar vistas y recibir prueba, en conformidad con lo dispuesto en estas reglas.

(5)  Durante el período que dure la encomienda, el Presidente o la Presidenta dirigirá los trabajos de la Comisión y ejercerá todos los poderes necesarios para su administración, de modo que asegure su más eficiente funcionamiento.

(6)  El personal, las instalaciones y los recursos necesarios serán provistos por el Juez Presidente o la Jueza Presidenta.

## Regla 13. Determinación de causa probable

(a)  El Presidente o la Presidenta designará a uno de los Comisionados Asociados o una de las Comisionadas Asociadas, que sea abogado o abogada, para que en un término no mayor de treinta días, a partir del recibo del in-

forme de investigación remitido por el Director o la Directora, evalúe dicho informe y proceda a determinar mediante resolución si existe o no causa probable para presentar una querella o una petición de retiro involuntario. Este término podrá ser ampliado por el Presidente o la Presidenta.

(b)   El Comisionado Asociado designado o la Comisionada Asociada designada para actuar en la determinación de causa probable en un caso específico, deberá inhibirse de participar en los trámites posteriores del caso.

*Regla 14. Notificación de la determinación de causa probable*

Si el Comisionado Asociado o la Comisionada Asociada determina mediante resolución que existe causa probable, lo notificará al Secretario o a la Secretaria, y ordenará a la Oficina de Asuntos Legales o a la persona que designe el Director o la Directora, que presente la querella o petición de retiro involuntario. El Secretario o la Secretaria notificará la resolución a la parte promovente, al Juez promovido o a la Jueza promovida y al Director o a la Directora, dentro de los diez días siguientes a la determinación de causa probable.

*Regla 15. Imposición de medidas provisionales; notificación*

(a)   Una vez el Comisionado Asociado o la Comisionada Asociada determine que existe causa probable, podrá recomendar al Juez Presidente o a la Jueza Presidenta la imposición de medidas provisionales durante el procedimiento disciplinario o de retiro involuntario, tales como la suspensión temporal de empleo, el relevo de sala, la asignación de tareas administrativas o cualquier otra medida administrativa que considere necesaria para garantizar la sana administración de la justicia, considerando:

(1)   la gravedad de la conducta imputada;

(2)   la existencia de evidencia que sostenga la probabilidad razonable de la veracidad de la conducta imputada, o

(3)   el riesgo de que la conducta imputada pueda repetirse.

(b)   El Juez Presidente o la Jueza Presidenta podrá suspender a un Juez o a una Jueza de sus funciones, con sueldo, sin que sea necesaria actuación alguna de la Comisión, cuando haya sido presentada una acusación en su contra por la comisión de un delito.

(c)   El Juez Presidente o la Jueza Presidenta podrá imponer a un Juez o a una Jueza, ante alguna situación extraordinaria, cualquier medida provisional sin sujeción al trámite disciplinario dispuesto en estas reglas.

(d)   La imposición de la medida provisional o la suspensión no impedirá que se inicie o prosiga el procedimiento disciplinario dispuesto en estas reglas, respecto a la conducta que motivó dicha imposición.

(e)   La imposición de la medida provisional o suspensión de sus funciones judiciales será notificada al Juez promovido o a la Jueza promovida personalmente, mediante alguacil o alguacila, y a la Comisión a través del Secretario o de la Secretaria. Además, se le notificará personalmente copia de dicha determinación al Juez Administrador o a la Jueza Administradora de la Región Judicial que supervisa al Juez promovido o a la Jueza promovida, y a la Oficina de Recursos Humanos de la Oficina de Administración de los Tribunales.

*Regla 16. Determinación de que no existe causa probable; revisión*

(a)   Si el Comisionado Asociado designado o la Comisionada Asociada designada determina que no existe causa probable, emitirá una resolución en la que expresará los

fundamentos de su determinación y ordenará el archivo de la queja.

(b) El Secretario o la Secretaria, dentro de los diez días siguientes a la determinación de no causa probable, notificará por correo la resolución y la orden de archivo al Juez promovido o a la Jueza promovida y al Director o a la Directora.

(c) El Director o la Directora podrá solicitar una reconsideración al Comisionado Asociado o a la Comisionada Asociada dentro de los diez días siguientes a la notificación.

(d) Si el Comisionado Asociado o la Comisionada Asociada sostiene su determinación de no causa probable, el Director o la Directora podrá solicitar la revisión de ésta ante el Juez Presidente o la Jueza Presidenta dentro de los diez días siguientes a la notificación de dicha determinación. Presentará un escrito en el que expondrá en detalle los fundamentos de su solicitud y notificará con una copia de éste al Juez promovido o a la Jueza promovida y a la Comisión.

(e) El Juez Presidente o la Jueza Presidenta podrá confirmar la determinación de no causa probable o podrá determinar causa probable. La determinación será notificada al Juez promovido o a la Jueza promovida, al Director o a la Directora y a la Comisión.

*Regla 17. Presentación y contenido de la querella y de la petición de retiro involuntario*

(a) La Oficina de Asuntos Legales o la persona designada por el Director o la Directora presentará la querella o la petición de retiro involuntario ante el Secretario o la Secretaria, dentro de los veinte días siguientes a la notificación de la determinación de causa probable.

(b) La querella detallará una relación de los hechos pertinentes y los cargos imputados contra el Juez promo-

vido o la Jueza promovida conforme a la ley, a los Cánones de Ética Judicial, al Código de Ética Profesional o a las órdenes y normas administrativas aplicables, por negligencia crasa o inhabilidad profesional manifiesta en sus deberes judiciales. La querella también incluirá la sanción recomendada.

(c) La petición de retiro involuntario detallará una relación de la conducta o condición de salud física o mental, ya sea temporera o permanente, imputada al Juez o a la Jueza, las alegaciones de hechos pertinentes y la solicitud correspondiente.

(d) No se permitirá en el contenido de la querella o de la petición de retiro involuntario adoptar por referencia alegaciones del informe de investigación.

*Regla 18. Notificación de la querella o de la petición de retiro involuntario; consecuencia de no contestar*

(a) Presentada la querella o la petición de retiro involuntario, el Secretario o la Secretaria expedirá un mandamiento dirigido al Juez promovido o a la Jueza promovida, requiriéndole que presente su contestación ante la Comisión, dentro de los veinte días siguientes al diligenciamiento. Se le apercibirá que de no contestar dentro del término concedido, el procedimiento continuará sin el beneficio de su comparecencia. Si el Juez promovido o la Jueza promovida no presenta su contestación dentro de dicho término, los cargos se considerarán negados.

(b) El alguacil o la alguacila diligenciará el mandamiento mediante entrega personal al Juez o la Jueza de una copia del mandamiento y de la querella o petición de retiro involuntario en el tribunal donde estuviese asignado.

(c) Si el alguacil o la alguacila no puede diligenciar el mandamiento personalmente porque el Juez promovido o la Jueza promovida se encuentra en el disfrute de alguna

licencia, ha sido suspendido o suspendida, o porque el alguacil o la alguacila tiene motivos fundados para pensar que el Juez promovido o la Jueza promovida está evadiéndole, así lo hará constar al Secretario o a la Secretaria mediante un escrito jurado, en el cual acreditará las diligencias realizadas. En tal caso, el Presidente o la Presidenta estará facultado o facultada para autorizar que el diligenciamiento se realice mediante entrega personal en la residencia del Juez promovido o de la Jueza promovida. También podrá autorizar, en última instancia, que se diligencie por correo ordinario a la última dirección provista por este Juez o esta Jueza.

*Regla 19. Disposiciones aplicables al trámite de peticiones de retiro involuntario*

(a)   Al atender las peticiones de retiro involuntario de Jueces promovidos o Juezas promovidas por razón de salud física o mental, se seguirá el trámite dispuesto en estas reglas.

(b)   La Comisión podrá designarle un abogado o una abogada de oficio al Juez o a la Jueza que comparezca sin representación legal, si así se justifica.

(c)   En cuanto a la designación de peritos, regirán las normas siguientes:

(1)   En caso de que el Juez promovido o la Jueza promovida niegue su condición de salud física o mental en su contestación a la petición de retiro involuntario, la Comisión podrá designar uno o más peritos o peritas para que evalúen al Juez promovido o a la Jueza promovida y rindan un informe a la Comisión con recomendaciones y diagnósticos específicos. Si el Juez promovido o la Jueza promovida se niega a someterse a dicha evaluación, la Comisión lo notificará de inmediato al Tribunal y solicitará una orden para que este Juez o esta Jueza se someta a la evaluación.

(2)   El perito designado o la perita designada por la Comisión evaluará al Juez promovido o a la Jueza promovida en el término de veinte días, contado a partir de la notificación de la designación como perito o perita.

(3)   El perito designado o la perita designada por la Comisión rendirá el informe de evaluación médica dentro del plazo de veinte días, contado a partir de la conclusión de la evaluación. Una copia de dicho informe será notificada al Director o a la Directora, al Juez promovido o a la Jueza promovida y a su representación legal.

(4)   Una vez recibido el informe pericial, la Comisión continuará con los procedimientos dispuestos en este reglamento.

(d)   Los honorarios prestados al amparo de esta regla por los servicios periciales se aprobarán previamente por el Tribunal y satisfechos con cargo a la partida de Servicios Profesionales y Consultivos del Tribunal.

## Regla 20. Descubrimiento de prueba

(a)   Las partes se notificarán mutuamente las solicitudes de descubrimiento de prueba que presenten a la Comisión, así como todo escrito, en conformidad con la Regla 26(b).

(b)   La Comisión concederá a las partes los términos que considere razonables, según la complejidad y naturaleza del caso, para que éstas cumplan con los mecanismos de descubrimiento de prueba solicitados conforme a la Regla 24.

(c)   La toma de deposición de testigos requerirá la autorización de la Comisión, previa determinación de la necesidad de utilizar dicho procedimiento.

## Regla 21. Vista; notificación

(a)   La Comisión celebrará una vista evidenciaria para recibir prueba sobre la querella o petición de retiro invo-

luntario dentro de los sesenta días siguientes a la expiración del término concedido al Juez promovido o a la Jueza promovida para presentar su contestación.

(b) De haber concedido la Comisión un término mayor para el descubrimiento de prueba, la vista podrá ser señalada para una fecha posterior al término dispuesto en esta regla.

(c) El Secretario o la Secretaria notificará al Juez querellado o a la Jueza querellada la fecha de la vista con veinte días de antelación.

(d) La Comisión tendrá discreción para modificar estos términos.

### Regla 22. *Citaciones*

(a) El Secretario o la Secretaria expedirá las citaciones y los mandamientos que ordene la Comisión de la misma manera que cuando media una orden del Tribunal.

(b) Las partes serán responsables del diligenciamiento de las citaciones de los testigos que soliciten y de notificarles cualquier suspensión de los procedimientos.

(c) La Comisión podrá recurrir al Tribunal para solicitar la citación de cualquier testigo bajo apercibimiento de desacato.

### Regla 23. *Procedimiento durante la vista; mociones*

(a) El Presidente o la Presidenta, o el Comisionado Asociado designado o la Comisionada Asociada designada, dirigirá y resolverá todo planteamiento evidenciario.

(b) Durante la vista, el Juez promovido o la Jueza promovida tendrá derecho a confrontar a los testigos de cargo, a examinar la prueba documental o demostrativa presentada en su contra y a presentar evidencia en su favor.

(c) Si el Juez promovido o la Jueza promovida no presenta su contestación, no comparece a la vista o se niega a declarar, ello no podrá considerarse como evidencia en su contra.

(d)   Cualquier moción presentada al Tribunal con relación a la querella o petición de retiro involuntario no paralizará los procedimientos durante la vista ante la Comisión, salvo que el Tribunal disponga lo contrario.

*Regla 24. Aplicabilidad de las reglas procesales*

Las disposiciones de las Reglas de Procedimiento Civil y de las Reglas de Evidencia aplicables a los casos civiles regirán los procedimientos ante la Comisión en forma supletoria, salvo que de otra forma sea provisto en estas reglas y cónsono con la naturaleza de este procedimiento.

*Regla 25. "Quantum" de la prueba*

El *quantum* de la prueba requerido para probar los cargos será el de prueba clara, robusta y convincente.

*Regla 26. Requisitos aplicables a la presentación de escritos ante la Comisión*

(a)   Apéndice

(1)   Cualquier escrito que las partes presenten ante la Comisión podrá venir acompañado de un apéndice, cuyas páginas se numerarán consecutivamente.

(2)   Si el apéndice tiene más de un documento, irá precedido de un índice que indique la página en la cual aparece cada documento.

(b)   Notificación

(1)   Todo escrito presentado ante la Comisión será notificado a los abogados y a las abogadas de cada una de las partes, o a las mismas partes si éstas no tienen representación legal. El hecho de la notificación se hará constar en el mismo escrito presentado.

(2)   La notificación a las partes se efectuará dentro de los términos dispuestos por estas Reglas según la etapa en la que se encuentre el procedimiento.

(3)  La notificación se efectuará por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo.

(4)  Cuando la notificación se efectúe por correo, se remitirá a los abogados o a las abogadas de las partes, o a las mismas partes si no tienen representación legal, a la dirección postal que surja del escrito más reciente que conste en el expediente del caso. Cuando del expediente no surja dirección alguna, si la parte posee representación legal, la notificación se hará a la dirección más reciente del abogado o de la abogada de la parte que surja del registro que lleve el Secretario o la Secretaria. La fecha del depósito en el correo se considerará la fecha de la notificación a las partes.

(5)  La entrega personal se realizará en la oficina de los abogados y las abogadas que representen a las partes. Las notificaciones deberán entregarse a éstos o a éstas, o a cualquier persona a cargo de la oficina. Si las partes no tienen representación legal, la entrega se le hará en la dirección de las partes que conste en el expediente del caso, a cualquier persona adulta que se encuentre allí.

(6)  En los casos de entrega personal, se certificarán la forma y las circunstancias del diligenciamiento, lo que se hará dentro de las próximas setenta y dos horas desde que se efectuó la entrega. El término aquí dispuesto será de cumplimiento estricto.

(7)  En circunstancias no previstas por esta regla, la Comisión podrá, *motu proprio* o a solicitud de parte, disponer el método de notificación que mejor se ajuste a las circunstancias particulares del caso.

(8)  Cualquier escrito posterior que se presente será notificado por correo, simultánea y personalmente a las partes. En éste se certificará la forma en la que se efectuó la notificación.

(c) Forma de los escritos; copias

(1) Todo escrito que sea presentado ante la Comisión y las copias notificadas a las partes deberán ir encabezados con el epígrafe del caso, con expresión del título y del número. Dichos escritos y todas sus copias deberán estar firmados por el abogado o la abogada que los suscribe, o por la misma parte si no tiene representación legal.

(2) Todo escrito se presentará ante la Comisión en papel tamaño legal 8½″ x 14″, a doble espacio, en tipo pica o mayor, por un solo lado del papel y con un margen izquierdo no menor de ½″, y un margen derecho no menor de ½″. El escrito no se deberá coser con alambres.

(3) Todo documento que forme parte de un apéndice cumplirá estrictamente con el subinciso (c)(1) precedente, excepto que se permitirá fotocopiar los documentos originales a espacio sencillo siempre que dichas copias sean claramente legibles y cumplan con los demás requisitos del subinciso (c)(1) que apliquen.

(4) Todo documento se presentará en original y siete copias, claramente legibles, que podrán ser fotocopias o de máquinas reproductoras de eficiencia análoga. No se aceptarán copias carbón bajo ninguna circunstancia. El Secretario o la Secretaria velará por el estricto cumplimiento de esta disposición y, en caso de incumplimiento, tomará las medidas correctivas que dispone el Reglamento del Tribunal vigente.

(d) Plazos para presentar escritos; prórrogas

(1) Cuando un escrito deba presentarse ante la Comisión, en conformidad con los términos dispuestos en estas Reglas, dentro de determinado período de tiempo o en un día determinado, el plazo vencerá a las 5:00 p.m. del día correspondiente. La hora se determinará de acuerdo con el reloj fechador del Tribunal.

(2) Ningún funcionario, funcionaria, empleado o empleada, salvo por órdenes expresas, está autorizado o

autorizada a aceptar recursos o escritos que se presenten fuera del horario dispuesto por el Reglamento del Tribunal Supremo, o en otro lugar que no sea la Secretaría del Tribunal Supremo.

(3)   Las mociones de prórroga se fundamentarán con hechos concretos y no con meras generalizaciones. Como regla general, el exceso de trabajo del abogado o de la abogada no se considerará una razón adecuada para justificar una prórroga.

*Regla 27. Grabación*

(a)   El procedimiento de toda vista celebrada ante la Comisión se grabará. La grabación de dicha vista constituirá el récord oficial del procedimiento. El oficial o la oficial de transcripciones certificará la correccion de cualquier duplicación o transcripción que se efectúe.

(b)   La grabación se transcribirá únicamente cuando el Tribunal lo ordene.

(c)   El Tribunal o la Comisión podrá autorizar la regrabación de la vista, a solicitud de cualquiera de las partes, previo el pago del arancel correspondiente.

(d)   Las partes podrán grabar simultáneamente los procedimientos mediante su propio equipo de grabación, previa autorización del Presidente o de la Presidenta.

*Regla 28. Informe de la Comisión; reconsideración*

(a)   Al concluir la presentación de la prueba, la Comisión preparará un informe que incluirá sus determinaciones de hechos y conclusiones de derecho, así como su recomendación. Además, podrá requerir memorandos de derecho a las partes. La Comisión redactará el informe y lo notificará a las partes en el término de cuarenta y cinco días.

(b)   La recomendación al Tribunal incluida en el informe de la Comisión se adoptará por el voto de la mayoría

de los miembros presentes. Si algún Comisionado Asociado o alguna Comisionada Asociada no está de acuerdo con la recomendación, se hará constar su voto disidente en el informe. Además, el o la que disienta podrá fundamentar por escrito su disenso.

(c) Las partes tendrán un término simultáneo de veinte días, contado a partir de la notificación del informe, para solicitar a la Comisión:

(1) una reconsideración de las determinaciones de hechos formuladas;

(2) una reconsideración de la recomendación, o

(3) la formulación de determinaciones de hechos adicionales, consignando su texto, procedencia y justificación.

(d) Si transcurre el término de veinte días, concedido en el inciso (c) anterior, y las partes no han presentado escrito alguno ante la Comisión, o ésta deniega algún escrito presentado, el informe será final. La Comisión lo presentará al Tribunal dentro de un término no mayor de cinco días desde que el informe fue final. No será necesario notificar de nuevo a las partes si la Comisión no enmendó su informe y el que le presenta al Tribunal es el mismo informe del inciso (a) de esta regla.

(e) Si la Comisión, luego de considerar cualquier escrito presentado conforme al inciso (c) de esta regla, enmienda el informe, éste será final. La Comisión lo presentará al Tribunal dentro de un término no mayor de cinco días, desde la fecha en que fue final, y lo notificará a las partes.

*Regla 29. Recomendación de medidas disciplinarias*

(a) En los casos disciplinarios, la recomendación de la Comisión al Tribunal podrá incluir una o varias de las medidas disciplinarias siguientes:

(1) desestimación y archivo;

(2)   amonestación;

(3)   censura;

(4)   suspensión temporal;

(5)   destitución;

(6)   sanciones como abogado o abogada, o

(7)   cualquier otra medida disciplinaria que corresponda con la naturaleza de la actuación.

(b)   En los casos de retiro involuntario, la Comisión podrá recomendar, entre otros:

(1)   desestimación y archivo;

(2)   suspensión temporal, y

(3)   separación del servicio.

*Regla 30. Decisión del Tribunal Supremo*

(a)   Las partes podrán comparecer por escrito ante el Tribunal para exponer sus respectivas posiciones dentro de los veinte días siguientes a la notificación del informe de la Comisión, en conformidad con lo dispuesto en la Regla 27.

(b)   Transcurrido el término de veinte días dispuesto en el inciso (a), el caso quedará sometido para la decisión final del Tribunal.

(c)   La decisión del Tribunal se notificará a la Comisión, a través del Secretario o de la Secretaria, al Juez promovido o a la Jueza promovida, a su representación legal y al Director o a la Directora, en conformidad con el Reglamento del Tribunal.

*Regla 31. Reconsideración de la decisión del Tribunal Supremo*

(a)   Toda moción de reconsideración de la decisión del Tribunal deberá presentarse dentro del plazo jurisdiccional de diez días laborables, contado a partir de la notificación de la decisión o resolución del Tribunal a las partes.

(b)   El escrito de reconsideración no excederá de diez páginas.

(c)   Las citas de autoridades deberán discutirse en el cuerpo de la moción, por lo que no se aceptarán memorandos de autoridades por separado ni peticiones de prórroga para fundamentar la reconsideración presentada. El Secretario o la Secretaria denegará de plano cualquier solicitud de prórroga para presentar una moción de reconsideración o cualquier escrito en apoyo de ésta.

(d)   Una vez resuelta la moción de reconsideración, si ésta fuese denegada, se permitirá que las partes presenten sólo una moción de reconsideración adicional. Esta moción deberá presentarse dentro del plazo de tres días, contado a partir de la notificación de la denegación del anterior recurso de reconsideración.

(e)   Si como resultado de una reconsideración, el Tribunal enmendara o de alguna forma modificara su sentencia u opinión, la parte afectada podrá presentar una moción de reconsideración. Esta moción deberá presentarse dentro del plazo de diez días laborables, contado desde la notificación del archivo en autos de copia de la notificación de la sentencia u opinión enmendada, o de la resolución que enmiende la opinión o sentencia, según sea el caso.

## Regla 32.   Prórrogas

Los términos dispuestos en estas reglas son de estricto cumplimiento. Sólo podrán ser prorrogados mediante una solicitud escrita presentada por cualquier parte dentro del término cuya prórroga se solicite, mostrando las razones que la justifiquen y en conformidad con la Regla 26(d)(3). Esta solicitud se resolverá:

(a)   durante la etapa del trámite en la Oficina de Administración de los Tribunales por el Director o la Directora;

(b)   durante el trámite ante la Comisión por su Presidente o Presidenta, y

(c)   durante el trámite ante el Tribunal por el Juez Presidente o la Jueza Presidenta, o por el Tribunal, según sea el caso.

*Regla 33. Efecto de renuncia o expiración del término de nombramiento*

(a)   La renuncia o la expiración del término del nombramiento del Juez querellado o de la Jueza querellada no impedirá que continúe el procedimiento disciplinario en su contra al amparo de este reglamento. La Comisión determinará si la conducta amerita la recomendación de imponerle al Juez querellado o a la Jueza querellada medidas disciplinarias por violación al Código de Ética Profesional.

(b)   En los casos de retiro involuntario al amparo de la Regla 19, la renuncia del Juez querellado o de la Jueza querellada, o la expiración del término de su nombramiento, conllevará la desestimación del procedimiento de retiro involuntario, salvo aquellos casos en los cuales la Comisión determine continuar el procedimiento con el propósito de recomendar al Tribunal medidas disciplinarias por violación al Código de Ética Profesional.

*Regla 34. Asuntos no previstos por estas Reglas*

En asuntos no previstos por estas Reglas, el Tribunal determinará su trámite en la forma que garantice el cumplimiento de los propósitos que inspiran estos procedimientos y los derechos del Juez promovido o de la Jueza promovida, de la parte promovente y la sana administración de la justicia.

*Regla 35. Cláusula transitoria*

(a)   Todo caso que esté bajo investigación en la Oficina de Asuntos Legales al momento de entrar en vigor estas Reglas, continuará con el procedimiento vigente a la fecha de la presentación de la queja y hasta la presentación del

informe de investigación a la Comisión. Para las demás etapas del caso, regirá el procedimiento disciplinario establecido en estas Reglas.

(b) Los casos sometidos al Tribunal, en o antes de la vigencia de estas Reglas, continuarán con el procedimiento que regía a la fecha de la presentación de la querella o de la petición de retiro involuntario.