per curiam:
Nuevamente nos vemos obligados a suspender a otro miembro de nuestra profesión. Esto debido al craso incumplimiento con los requisitos del Programa de Educación Jurídica Continua, la indiferencia hacia los requerimientos de este Tribunal y la omisión de mantener los datos personales al día en el Registro Unico de Abogados. Por los fundamentos que a continuación enunciamos, se suspende inmediata e indefinidamente a la Leda. Carmen Camacho Hernández del ejercicio de la abogacía.
I
La Leda. Carmen Camacho Hernández fue admitida al ejercicio de la abogacía el 16 de febrero de 2005. Asimismo, inició sus labores como notaria el 8 de marzo de 2005. El 11 de mayo de 2009 esta entregó su obra notarial y su sello de notaria a la Oficina de Inspección de Notarías (ODIN), por lo cual solicitó el cese de sus labores como notario. No obstante, al inspeccionar la obra de la licenciada Camacho Hernández, ODIN identificó deficiencias en esta. Así las cosas, luego de varios trámites procesales, el 6 de septiembre de 2011 emitimos una resolución en la que autorizamos la aprobación de la obra notarial de la licenciada con las deficiencias señaladas por ODIN. A esos efectos, mediante Resolución de 20 de octubre de ese mismo año dimos por terminada su fianza notarial.
Más adelante, el 12 de diciembre de 2012, el Programa de Educación Jurídica Continua (PEJC o el Programa) compareció ante nos mediante el Informe sobre Cumpli *741 miento con Requisito de Educación Jurídica. En su escrito, el PEJC nos indica que la licenciada Camacho Hernández no completó los requisitos establecidos en el Reglamento del Programa de Educación Jurídica Continua (Reglamento), In re Aprobación Reglas, 164 DPR 155 (2005), durante el periodo de 1 de febrero de 2007 a 31 de enero de 2009. En consecuencia, el Programa le envió un aviso de incumplimiento a la letrada y esta pagó la cuota correspondiente por cumplimiento tardío, según lo establece la Regla 30 del Reglamento. In re Aprobación Reglas, supra, pág. 162. Tras el transcurso de un periodo razonable al no haber cumplido con los requisitos del Programa, el 18 de noviembre de 2010 se le envió a la letrada una citación para que asistiera a una vista informal pautada para el 6 de diciembre de 2010. Sin embargo, esta no compareció a ese procedimiento y tampoco satisfizo los requisitos de educación continua para el periodo señalado.
En su comparecencia, el Programa nos informó, además, sobre el periodo de incumplimiento que transcurrió de 1 de febrero de 2009 a 31 de enero de 2011; ello sin contar los posibles incumplimientos de periodos posteriores a ese señalamiento. Asimismo, el PEJC nos indicó que al momento de emitir las citaciones descansó en la información contenida en el Registro Unico de Abogados (RUA), la cual no estaba actualizada.
Luego de examinar el informe presentado por el PEJC, el 26 de diciembre de 2012 concedimos a la licenciada Camacho Hernández un término de veinte días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía tras no comparecer ante el PEJC e incumplir con los requisitos de educación continua. La resolución a esos efectos fue enviada a la última dirección conocida de la letrada, pero el sobre de correo fue devuelto. En consecuencia, ordenamos diligenciar la notificación de la resolución a través de la Oficina del Alguacil, pero la residencia que correspondía a la dirección indicada estaba abandonada. Cabe mencionar que surge del Registro de Seguimiento de Notificaciones que se realizaron varias *742 gestiones telefónicas y se enviaron notificaciones por correo regular. Fue a través de un correo electrónico enviado el 4 de abril de 2013 que se pudo establecer comunicación con la licenciada. En respuesta, esta llamó a la Secretaría de este Tribunal y como excusa al incumplimiento con los requisitos del Programa señaló que entendía que ya estaba dada de baja del ejercicio de la abogacía. Por consiguiente, se le aconsejó que sometiera una moción para contestar la resolución. Empero, la letrada aún no ha comparecido ante nos.
II
Como es sabido, el Reglamento del Programa de Educación Jurídica Continua establece que todo profesional del Derecho admitido al ejercicio de la abogacía y la notaría en Puerto Rico tiene el deber de cumplir con los requisitos de educación jurídica continua, a menos que esté exento según las disposiciones de la Regla 4 del Reglamento, 4 LPRA Ap. XVII-E, según enmendada. Asimismo, en el caso de cumplimiento tardío, un abogado deberá presentar un informe para explicar las razones que justifican su tardanza y pagar una cuota. 4 LPRA Ap. XVII-E, R. 29. Sin embargo, si el abogado no comparece a una vista informal por incumplimiento con sus obligaciones, la Junta de Educación Jurídica Continua remitirá el asunto a este Tribunal. 4 LPRAAp. XVII-E, R. 32.
Por su parte, el Código de Ética Profesional establece que todo abogado debe ser responsivo a los requerimientos de este Tribunal. De esta forma, el Canon 9 del Código de Ética Profesional regula la conducta del abogado ante los tribunales y exige que esta se caracterice por el mayor respeto. 4 LPRA Ap. IX. Lamentablemente, de manera repetitiva nos hemos visto en la situación de “recordarles a los miembros de esta profesión que para honrar este mandato se requiere una escrupulosa atención y obediencia a los requerimientos de este Tribunal, particular *743 mente cuando se trata de procedimientos disciplinarios”. In re Grau Collazo, 185 DPR 938, 943—944 (2012). Véase In re Fernández Amy, 180 DPR 158, 160 (2010). Cuando se incumple con esa responsabilidad procede la suspensión del ejercicio de la profesión, pues ello demuestra indiferencia a nuestros dictámenes y apercibimientos, lo cual vulnera el Canon 9, supra. In re Rosario Martínez, 184 DPR 494 (2012); Galarza Rodríguez, Ex parte, 183 DPR 228 (2011).
Igualmente, es menester mencionar que la Regla 9(j) del Reglamento de este Tribunal especifica que “[t]odo(a) abogado(a) tendrá la obligación de notificar al(a la) Secretario(a) cualquier cambio de dirección postal o física”. 4 LPRA Ap. XXI-A. Precisamente, para facilitar el cumplimiento de esta obligación, se estableció el Registro Único de Abogados (RUA), cuyo propósito principal es centralizar en una sola base de datos la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. In re Toro Soto, 181 DPR 654, 660-661 (2011).
Cabe mencionar que nuestro énfasis en la importancia de que todo abogado mantenga al Tribunal al tanto de sus direcciones y de su información personal no es novel. En reiteradas ocasiones hemos señalado la gravedad que conlleva no notificar de manera inmediata a la Secretaría de este Tribunal cualquier cambio ocurrido. In re Toro Soto, supra, pág. 660; In re Borges Lebrón, 179 DPR Ap. (2010); In re Morales Rodríguez, 179 DPR 766, 769 (2010). A esos efectos, hemos dispuesto que “[e]l abogado que no cumpla con este deber falta a los deberes más elementales de la profesión”. In re Tió Fernández, 178 DPR 681, 683 (2010). Esto, pues, al así proceder, el abogado obstaculiza el ejercicio de la jurisdicción disciplinaria del Tribunal Supremo. Por lo tanto, el incumplimiento de tal deber es suficiente para decretar la separación indefinida de la abogacía. In re Toro Soto, supra.
*744 III
Cónsono con lo expuesto, observamos que la licenciada Camacho Hernández ha fallado en cumplir con los requisitos del PEJC. Resulta claro que desde la notificación emitida por el Programa el 25 de febrero de 2009, la letrada ha tenido tiempo más que suficiente para completar los requisitos reglamentarios de educación jurídica continua.
Asimismo, surge que la licenciada Camacho Hernández, pagó la cuota por cumplimiento tardío. Consiguientemente, esta no puede justificar su incomparecencia a la citación del Programa, porque entendía que no estaba activa en la profesión de la abogacía en nuestra jurisdicción. El hecho de que hubo una notificación de incumplimiento era en sí mismo un aviso indubitado de que estaba activa.
Sin embargo, lo más vergonzoso y lamentable es la actitud de dejadez e indiferencia que sostiene la licenciada con los requerimientos de esta Curia y sus dependencias. Tras varias gestiones realizadas por la Secretaría para notificar la Resolución de 26 de diciembre de 2012, la licenciada Camacho Hernández fue notificada vía correo electrónico. Ya ha transcurrido el término concedido para que cumpliera con nuestra orden de mostrar causa. Sin embargo, esta aún no ha comparecido ante nos y tampoco ha acreditado justa causa para tal incumplimiento.
Según podemos observar, la licenciada Camacho Hernández exhibe una actitud de desprecio e indiferencia, no solo con las órdenes de este Tribunal, sino con las que le hiciera el PEJC. Así, en vista del craso incumplimiento de la letrada con los requisitos del Programa, las órdenes de este Tribunal y por faltar a su deber de mantener los datos de RUA al día, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos, por lo tanto, notificar a todos sus clientes su inhabilidad para continuar con su representación, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente 
*745
de su suspensión tanto a los foros judiciales como administrativos del país. Esas gestiones deberán ser notificadas a este Tribunal en el término de treinta días a partir de la notificación de esta opinión “per curiam” y Sentencia.

Se dictará Sentencia de conformidad.