Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Gail Ramos Martínez | 2013 TSPR 124 189 DPR ____ |
|---|---|

Número del Caso: TS-11,487

Fecha: 30 de julio de 2013

Abogado del Querellado:

                    Por derecho Propio

Programa de Educación Jurídica Continua

Materia: Conducta Profesional – La suspensión será efectiva el 30 de octubre de 2013, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

TS-11,487

In re: Gail Ramos Martínez

PER CURIAM

En San Juan, Puerto Rico, a 30 de julio de 2013.

En esta ocasión, nos vemos precisados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión por incumplir con los requisitos del Programa de Educación Jurídica Continua. Por las razones expuestas a continuación, ordenamos la suspensión inmediata e indefinida de la Lcda. Gail Ramos Martínez del ejercicio de la abogacía y la notaría.

I

La Lcda. Gail Ramos Martínez fue admitida al ejercicio de la abogacía el 18 de enero de 1996, y a la notaría el 14 de marzo del mismo año.

El 19 de marzo de 2013, la Directora del Programa de Educación Jurídica Continua (PEJC) nos informó que la licenciada Ramos Martínez había incumplido con los requisitos reglamentarios de educación jurídica continua durante el periodo del 1 de marzo de 2007 al 28 de febrero de 2009.

Según surge del *Informe Sobre Incumplimiento con Requisito de Educación Continua*, el 3 de abril de 2009 se le envió un aviso de incumplimiento a la letrada otorgándole, entre otras alternativas, 60 días adicionales para que tomara los cursos. Ante ese requerimiento, la letrada se limitó al pagó de la cuota por incumplimiento tardío establecida en la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, 164 D.P.R. 155 (2005).

Tiempo después, y al no haber cumplido con el término provisto para que tomara los cursos, el PEJC citó a la abogada a una vista informal el 2 de febrero de 2011. La licenciada Ramos Martínez no acudió a la vista informal pero compareció posteriormente por escrito y explicó las razones por las cuales se vio imposibilitada de cumplir con los requerimientos del Programa.

Así las cosas, el PEJC le otorgó una prórroga final de 60 días para cumplir con los requerimientos de educación continua. Pasados varios meses, el 5 de octubre de 2012 el Programa le envió otra comunicación indicando que la referida prórroga había vencido, y que se le estaba

brindando un término adicional de 30 días para que informara su cumplimiento. La licenciada Ramos Martínez contestó esa comunicación solicitando 30 días adicionales a la segunda prórroga otorgada. Sin embargo, al día de hoy no ha cumplido con los requisitos reglamentarios de educación jurídica continua.

Ante esta situación, el 9 de mayo de 2013 le concedimos a la letrada Ramos Martínez un término de 20 días para que mostrara causa por la cual no debiera ser suspendida indefinidamente del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua. El 21 de mayo de 2013 compareció la licenciada Ramos Martínez mediante una *Moción para mostrar causa por incumplimiento con educación continua*. En esta, arguye que debido a que desde hace tiempo cerró su oficina legal y dado a que padece de una condición severa de asma recurrente, entre otras condiciones médicas, desea renunciar voluntariamente al ejercicio de la notaría.

## II

El Canon 2 del Código de Ética Profesional dispone que los abogados tienen la obligación de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional" con el "fin de viabilizar el objetivo de representación legal adecuada para toda

persona.   4 L.P.R.A. ap. IX., C.2; In re Rivera Trani, 2013 T.S.P.R. 65 (res. el 22 de abril de 2013).

En virtud de lo anterior, el Reglamento del Programa de Educación Jurídica Continua, *supra*, requiere que los abogados tomen 24 créditos cada 2 años en cursos acreditables de educación jurídica continua que ofrezca alguna institución acreditada a esos propósitos, salvo algunas excepciones que se desglosan en la Regla 4.

Los abogados y abogadas tienen el deber de presentar ante la Junta de Educación Jurídica Continua un informe que acredite el cumplimiento con el mínimo de horas crédito a más tardar a los 30 días subsiguientes de finalizado cada periodo de cumplimiento.[1]  En el caso de que un abogado o abogada cumpla tardíamente con los requisitos de educación jurídica continua, deberá presentar un informe explicando las razones que justifiquen su tardanza y pagar una cuota.[2]

No obstante, si el abogado incumpliera con sus obligaciones, el Director de la Junta del PEJC le citará a una vista informal en la que podrá presentar prueba que justifique las razones de su proceder.[3]  Si el abogado o abogada no compareciere, el asunto será remitido a este Tribunal.[4]  En el pasado, no hemos vacilado con disciplinar profesionalmente a los letrados que han desatendido los

---

[1] Regla 28 del Reglamento de 2005, *supra*. Véase, también, In re Grau Collazo, 185 D.P.R. 938 (2012).
[2] Regla 30 del Reglamento de 2005, *supra*.
[3] Regla 31 del Reglamento de 2005, *supra*.
[4] Regla 32 del Reglamento de 2005, *supra*.

requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua. In re Villamil Heguera, 2013 T.S.P.R. 61 (res. el 7 de mayo de 2013), In re Rivera Trani, supra, In re Guzmán Rodríguez, 2013 T.S.P.R. 30 (res. el 14 de febrero de 2013).

III

En el caso de autos, la abogada Gail Ramos Martínez incumplió con los requisitos del PEJC y no consta evidencia alguna que acredite el cumplimiento con las excepciones que le permitirían obviar esos requisitos. Durante este proceso, la letrada Ramos Martínez ha planteado que su incumplimiento responde a su estado de salud. Empero, la ausencia de evidencia fehaciente sobre su condición de salud, la falta de atención y la actitud pasiva demostrada ante los requerimientos de la Junta del PEJC y de este Tribunal no nos deja otra opción que suspenderle indefinidamente del ejercicio de la abogacía y la notaría.

Ahora bien, la readmisión de un abogado posterior a una suspensión indefinida por motivo de su incumplimiento con las disposiciones del Reglamento del PEJC, quedará condicionada a que este, dentro del término de un año, subsane el incumplimiento por el cual fue suspendido y tome los cursos correspondientes al término de su suspensión. In re Piñeiro Vega, 2013 T.S.P.R. 36 (res. el

25 de febrero de 2013).[5]    En su moción solicitando reinstalación a la profesión, el letrado suspendido deberá hacer constar, de manera específica, la forma en que cumplió con el requisito de educación jurídica continua pendiente por subsanar. Íd.

En vista de lo anterior, decretamos su suspensión indefinida e inmediata de la licenciada Ramos Martínez del ejercicio de la abogacía y de la notaría, según le fuera apercibido.   Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la Sra. Gail Ramos Martínez y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

---

[5] Véase, además, Reglamento de Educación Jurídica Continua, 4 L.P.R.A. Ap. XVII-D, R.1.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Gail Ramos Martínez

TS- 11,487


SENTENCIA

En San Juan, Puerto Rico, a 30 de julio de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría de la Lcda. Gail Ramos Martínez por incumplir con los requisitos del Programa de Educación Jurídica Continua.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la

señora Ramos Martínez y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo