EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Para aprobar las Reglas de Disciplina Judicial y derogar las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de [Circuito] de Apelaciones | 2005 TSPR 30<br><br>163 DPR \_\_\_\_ |

Número del Caso: ER-2005-2

Fecha: 8 de marzo de 2005

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Para aprobar las Reglas de
Disciplina Judicial y derogar
las Reglas de Procedimiento
para Acciones Disciplinarias
y de Separación del Servicio
por Razón de Salud de Jueces o
Juezas del Tribunal de Primera
Instancia y del Tribunal de
[Circuito] de Apelaciones

RESOLUCIÓN

San Juan, Puerto Rico, a 8 de marzo de 2005.

En virtud de la autoridad que le otorga la Constitución del Estado Libre Asociado de Puerto Rico al Tribunal Supremo para destituir a los jueces de los demás tribunales, por las causas y mediante el procedimiento que se disponga por ley, Art. V, Sec. 11; y de conformidad con la facultad que el Art. 6.006 de la Ley de la Judicatura de 2003, le concede para aprobar el procedimiento disciplinario y de separación del servicio de los jueces y las juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, aprobamos las *Reglas de Disciplina Judicial* que se acompañan a esta Resolución.

Quedan derogadas las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de [Circuito] de Apelaciones, aprobadas el 24 de noviembre de 1992.

El Tribunal agradece la labor de los miembros del Comité para la Revisión de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de

Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de [Circuito] de Apelaciones: Hon. Aida N. Molinary, Presidenta; Profesor Carlos I. Gorrín Peralta, Hon. Isabel Llompart Zeno, Hon. Ivonne Díaz Pérez y Lcda. Patricia Otón Olivieri, por su excelente labor y cumplimiento con la encomienda que les fue delegada.

La presente Resolución tiene efectividad a partir del 1 de abril de 2005.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


Lcda. Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo

**TRIBUNAL SUPREMO DE PUERTO RICO
SECRETARIADO DE LA CONFERENCIA
JUDICIAL Y NOTARIAL**

**REGLAS DE
DISCIPLINA JUDICIAL**



Febrero de 2005

# REGLAS DE DISCIPLINA JUDICIAL

## TABLA DE CONTENIDO

**PÁGINA**

Regla 1.   Título...........................................................................................1

Regla 2.   Fundamento jurídico................................................................1

Regla 3.   Alcance de estas reglas..........................................................1

Regla 4.   Definiciones ...............................................................................1

Regla 5.   Presentación y contenido de la Queja ..................................3

Regla 6.   Evaluación de la queja ............................................................4

Regla 7.   Investigación, derechos de la jueza o del juez promovido ....................5

Regla 8.   Informe de Investigación........................................................6

Regla 9.   Reconsideración de la determinación de la Directora o del Director de archivar la queja; revisión ante el Juez Presidente o la Jueza Presidenta................................................. ...........................................6

Regla 10.   Confidencialidad del expediente:  acceso al informe de investigación.....7

Regla 11.   Uso, disposición y acceso a quejas desestimadas................................8

Regla 12.   Comisión de Disciplina Judicial................................................9

Regla 13.   Determinación de causa probable ..........................................11

Regla 14.   Notificación de la determinación de causa probable ............................11

Regla 15.   Imposición de medidas provisionales; notificación ...............................11

Regla 16.   Determinación de que no existe causa probable; revisión......................12

Regla 17. Presentación y contenido de la querella y de la petición de retiro involuntario…………………………………………………………………………… 13

**PÁGINA**

Regla 18. Notificación de la querella o petición de retiro involuntario; consecuencia de no contestar.................................................................14

Regla 19. Disposiciones aplicables al trámite de peticiones de retiro involuntario...14

Regla 20. Descubrimiento de prueba .................................................................15

Regla 21. Vista, notificación .............................................................................16

Regla 22. Citaciones .......................................................................................16

Regla 23. Procedimiento durante la vista; mociones……………………………………… 17

Regla 24. Aplicabilidad de reglas procesales.....................................................17

Regla 25. *Quantum* de la prueba .....................................................................17

Regla 26. Requisitos aplicables a la presentación de escritos ante la Comisión.......17

Regla 27. Grabación .......................................................................................20

Regla 28. Informe de la Comisión; reconsideración.............................................20

Regla 29. Recomendación de medidas disciplinarias ...........................................21

Regla 30. Decisión del Tribunal Supremo ..........................................................22

Regla 31. Reconsideración de la decisión del Tribunal Supremo........................ 22

Regla 32. Prórrogas........................................................................................23

Regla 33. Efecto de renuncia o expiración del término de nombramiento ..............24

Regla 34. Asuntos no previstos por estas reglas ................................................24

Regla 35. Cláusula transitoria ..........................................................................24

# REGLAS DE DISCIPLINA JUDICIAL

## REGLA 1.  TÍTULO

Estas reglas serán conocidas como Reglas de Disciplina Judicial.

## REGLA 2.  FUNDAMENTO JURÍDICO

Estas reglas se aprueban de conformidad con las disposiciones del Artículo V, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico y del Artículo 6.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003.  Tienen el fin de garantizar a la ciudadanía y a la judicatura, la justa y pronta consideración de todo asunto presentado y el debido proceso de ley.

## REGLA 3.  ALCANCE DE ESTAS REGLAS

Estas reglas regirán el procedimiento disciplinario contra Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, por:

a.	violación a la ley, a los Cánones de Etica Judicial, al Código de Ética Profesional, a las órdenes y normas administrativas aplicables, por negligencia crasa, inhabilidad o incompetencia profesional manifiesta en sus deberes judiciales o;

b.	condición de salud física o mental,  ya sea temporera o permanente, que menoscabe el desempeño de sus funciones judiciales.

## REGLA 4.  DEFINICIONES

Las siguientes palabras y frases utilizadas en estas reglas significarán:

a.	*Abogado o abogada no postulante* - aquel abogado o abogada cuya actividad profesional principal no conlleva el litigio ante los tribunales;

b.  *Alguacil o Alguacila* - Alguacil o Alguacila del Tribunal Supremo o cualquier alguacil o alguacila designado por aquél o aquélla;

c.  *Causa probable* – base razonable para creer que existen hechos que justifican la presentación de una querella o petición de retiro involuntario;

d.  *Comisión* - Comisión de Disciplina Judicial, organismo colegiado que preside los procedimientos disciplinarios y de retiro involuntario de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones;

e.  *Comisionado Asociado o Comisionada Asociada* - miembro de la Comisión de Disciplina Judicial;

f.  *Director o Directora* - Director Administrativo o Directora Administrativa de los Tribunales;

g.  *Expediente personal* – expediente personal del abogado y de la abogada admitido al ejercicio de la abogacía, que permanece bajo la custodia del Tribunal Supremo;

h.  *Juez o Jueza* - juez o jueza del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico o el juez o la jueza especial, designado por el Juez Presidente o la Jueza Presidenta;

i.  *Oficina de Asuntos Legales* - Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales;

j.  *Parte promovente* - cualquier persona natural que presente una solicitud para que se investigue la conducta o capacidad de un juez o de una jueza;

k.  *Petición de retiro involuntario* - escrito presentado ante la Comisión de Disciplina Judicial luego de una determinación de causa probable, en el cual se alega que la condición de salud física o mental de un juez o una jueza menoscaba el desempeño de sus funciones judiciales;

l.  *Presidente o Presidenta* - Presidente o Presidenta de la Comisión de Disciplina Judicial;

m.  *Queja* - solicitud de investigación contra un juez o una jueza por conducta incompatible con su función judicial;

n.       *Querella* - escrito presentado ante la Comisión, luego de una determinación de causa probable en el cual se le imputa a un juez o a una jueza conducta que pueda conllevar la imposición de cualquier sanción disciplinaria por violación a la ley, a los Cánones de Ética Judicial, al Código de Ética Profesional, a las órdenes y normas administrativas aplicables, por negligencia crasa o inhabilidad personal manifiesta en sus deberes judiciales;

o.       *Reglas* - Reglas de Disciplina Judicial;

p.       *Secretario o Secretaria* - Secretario o Secretaria del Tribunal Supremo de Puerto Rico o el funcionario o funcionaria que aquél o aquélla designe;

q.       *Tribunal* - Tribunal Supremo de Puerto Rico.

## REGLA 5.    PRESENTACIÓN Y CONTENIDO DE LA QUEJA

a.       Cualquier persona interesada en que se investigue la conducta de un juez o de una jueza podrá presentar una queja personalmente o por correo ante la Oficina de Asuntos Legales.

b.       La queja cumplirá con los siguientes requisitos:

1.       se formulará por escrito;

2.       se formulará bajo juramento;

3.       indicará el nombre completo, dirección postal y número de teléfono de la persona promovente;

4.       identificará a la jueza o al juez promovido por su nombre y el tribunal en el que se alega que ocurrieron los hechos; y de desconocer éstos, brindará suficientes datos que permitan su identificación;

5.       expondrá brevemente los hechos que motivan la queja e indicará la fecha y lugar donde éstos ocurrieron;

6.       incluirá además, cualquier otra información e identificará testigos y documentos que sustenten la queja.

c.       El Juez Presidente o la Jueza Presidenta, un Juez Asociado o una Jueza Asociada, el Director o la Directora, podrá solicitar a iniciativa propia y por escrito, una investigación sobre la conducta o capacidad de un juez o una jueza.  Dicha solicitud se considerará

como una queja, sin que sea necesario cumplir con los requisitos formales del inciso "b" de esta regla.


## REGLA 6.    EVALUACIÓN DE LA QUEJA

a.    La Oficina de Asuntos Legales evaluará toda queja dentro de los quince (15) días siguientes a su presentación.

b.    Si la queja no cumple con los requisitos de forma de la Regla 5, se notificará a la parte promovente por correo certificado con acuse de recibo, la razón que la hace insuficiente, así como la forma y el término para subsanarla.  La parte promovente será advertida de que deberá corregir la insuficiencia conforme a los señalamientos, dentro del término de treinta (30) días a partir de la notificación y que transcurrido este término sin que sea efectuada la subsanación, la Oficina de Asuntos Legales considerará la queja como retirada.

c.    Si la queja cumple con los requisitos de forma de la Regla 5, la Oficina de Asuntos Legales lo informará a la Directora o al Director, quien  determinará si procede el inicio de la investigación.   De así determinarlo, ordenará el inicio de la investigación a la Oficina de Asuntos Legales o a la persona a quien designe.  La Oficina de Asuntos Legales o la persona a quien la Directora o el Director delegó la investigación, notificará del inicio de la investigación a la parte promovente y a la jueza o al juez promovido.  La notificación a este último incluirá copia de la queja.

d.    Si la Directora o el Director determina que no procede el inicio de la investigación, notificará su determinación del archivo de la queja a la jueza o al juez promovido con copia de la queja. Además, notificará dicha determinación a la parte promovente y su derecho a solicitar reconsideración dentro de los diez (10) días siguientes a la notificación.  También, le advertirá que de no solicitar reconsideración dentro del término dispuesto, la determinación advendrá final.

e.    Si durante una investigación contra una jueza o un juez se descubre información que amerite la investigación de otra jueza u otro juez, la Directora o el Director deberá notificar inmediatamente a éste ultimo, del inicio de la investigación en su contra.  Dicha notificación describirá la alegada conducta y los hechos específicos por los que se le investiga.

f.	En aquellos casos en que se inicie la investigación a solicitud del Juez Presidente o de la Jueza Presidenta, de un Juez Asociado o una Jueza Asociada, del Director o de la Directora, de conformidad con la Regla 5(c), se notificará del inicio de la investigación a la jueza o al juez promovido con copia de la queja presentada.

g.	La Directora o el Director informará sobre el inicio de la investigación al Juez Presidente o a la Jueza Presidenta, con copia de la queja presentada, dentro de un plazo de diez (10) días desde que se ordene el inicio de la investigación.

h.	Toda queja presentada será anotada en el Registro de Quejas de la Oficina de Asuntos Legales.

## REGLA 7.	INVESTIGACIÓN; DERECHOS DE LA JUEZA O DEL JUEZ PROMOVIDO

a.	La jueza o el juez promovido expondrá por escrito su posición sobre el contenido de la queja, dentro del término de diez (10) días a partir de la notificación del inicio de la investigación. Podrá solicitar prórroga por justa causa. Si la jueza o el juez promovido no expone su posición durante el término dispuesto, el procedimiento continuará sin el beneficio de su comparecencia.

b.	La Oficina de Asuntos Legales o la persona designada por la Directora o el Director realizará la investigación de la queja y rendirá a la Directora o al Director un informe de investigación, dentro de un término de ciento veinte (120) días, a partir de la notificación de la queja a la jueza o al juez promovido conforme a la Regla 6(c). Este término podrá ser ampliado por la Directora o el Director por justa causa.

c.	Durante la etapa de investigación la jueza o el juez promovido tendrá derecho a:

1.	asistencia legal desde el inicio de la investigación;

2.	inspeccionar y obtener copia de todos aquellos documentos, declaraciones u otra evidencia pertinente al caso y;

3.	conocer la identidad de los testigos presentados en su contra.

**REGLA 8.    INFORME DE INVESTIGACIÓN**

a.    El informe de investigación que rinda la Oficina de Asuntos Legales, contendrá una exposición de los hechos y un análisis de los mismos a la luz del derecho aplicable.  Incluirá además, como apéndice, toda la prueba documental y referencia a cualquier otra prueba que lo sustente.

b.    Si el informe expone conducta que amerite acción disciplinaria, la Directora o el Director lo remitirá a la Comisión, dirigido a la Secretaria o al Secretario, dentro de los diez (10) días siguientes desde su recibo, para la determinación de causa o no causa probable, conforme a la Regla 12.  Además, simultáneamente notificará de su envío, mediante entrega personal a la jueza o al juez promovido, con copia del informe de investigación y de su apéndice.  Asimismo, la parte promovente será notificada del envío del informe de investigación a la Comisión.

c.    Si el informe no expone conducta que amerite acción disciplinaria, la Directora o el Director, dentro de igual término de diez (10) días desde su recibo, desestimará la queja, ordenará su archivo y notificará dicha determinación a la jueza o al juez promovido y a la parte promovente.

d.    La notificación a la parte promovente le informará de su derecho a solicitar reconsideración ante la Directora o el Director, dentro de los 10 días siguientes a la notificación de archivo, si no está conforme con la determinación de desestimar la queja.  De no solicitar reconsideración, la determinación de la Directora o del Director será final.

**REGLA 9.  RECONSIDERACIÓN DE LA DETERMINACIÓN DE LA DIRECTORA O DEL DIRECTOR DE ARCHIVAR LA QUEJA; REVISIÓN ANTE EL JUEZ PRESIDENTE O LA JUEZA PRESIDENTA**

a.    La Directora o el Director, dentro de los diez (10) días de haberle sido presentada la solicitud de reconsideración dispuesta en la Regla 8(d), deberá considerarla y notificar su determinación a la parte promovente y a la jueza o al juez.

b.    La parte promovente podrá presentar una solicitud de revisión ante el Juez Presidente o la Jueza Presidenta, dentro de los

diez (10) días siguientes a la notificación de la Directora o del Director, sosteniendo su determinación inicial. Deberá fundamentar su solicitud, exponer en detalle los hechos que la justifican y notificarla a la Directora o al Director y a la jueza o al juez.

    c.    El Juez Presidente o la Jueza Presidenta requerirá a la Directora o al Director que le remita el expediente que obra en la Oficina de Asuntos Legales, el cual deberá incluir el informe de la investigación realizada.

    d.    El Juez Presidente o la Jueza Presidenta podrá confirmar la decisión de la Directora o del Director, revocarla o devolver el expediente con la orden de que amplíe la investigación.

    e.    La determinación del Juez Presidente o de la Jueza Presidenta será notificada por la Secretaria o el Secretario a la parte promovente, a la jueza o al juez y a la Directora o al Director.

## REGLA 10.  CONFIDENCIALIDAD DEL EXPEDIENTE:  ACCESO AL INFORME DE INVESTIGACIÓN

    a.    El expediente de la Oficina de Asuntos Legales sobre la evaluación y la investigación de la queja es de naturaleza confidencial.

    b.    La jueza o el juez promovido podrá renunciar por escrito a la confidencialidad en la etapa de investigación de la queja.

    c.    La norma de confidencialidad del inciso "a" de esta regla no aplicará a peticiones de información procedentes de la Oficina de Nombramientos Judiciales de la Oficina del Gobernador o de la Gobernadora, la Oficina de la Comisión de Evaluación Judicial adscrita a la Oficina del Juez Presidente o de la Jueza Presidenta, la Comisión de Nombramientos del Senado y la Comisión de Nombramientos Judiciales del Colegio de Abogados de Puerto Rico. La Oficina de Asuntos Legales informará del resultado de la investigación y del procedimiento a dichas entidades.

    d.    La Oficina de Asuntos Legales enviará a la jueza o al juez promovido, copia de toda comunicación que sea remitida a las entidades correspondientes, de conformidad con el inciso "c" de esta regla.

e.	Tan pronto se le notifique a la jueza o al juez promovido, la determinación de la Directora o del Director de archivar la queja o de referirla a la Comisión, tanto el informe de investigación como sus anejos, estarán disponibles para escrutinio público.

f.	Aun cuando el informe de investigación y sus anejos estén disponibles para escrutinio público, se deberá proteger la información privilegiada que obre en dichos documentos, mediante orden de protección debidamente fundamentada.  También,  ésta se deberá proteger cuando se puedan lesionar derechos fundamentales de terceros, o cuando menoscabe el derecho a la intimidad de la jueza o del juez promovido.

## REGLA 11.	USO, DISPOSICIÓN Y ACCESO A QUEJAS DESESTIMADAS

a.	Toda queja desestimada no constará en el expediente personal de la jueza o del juez exonerado.

b.	El expediente de toda queja desestimada permanecerá bajo la custodia de la Oficina de Asuntos Legales, hasta que la jueza o el juez haya cesado en su cargo.

c.	La Directora o el Director aprobará unas normas internas para facilitar el acceso a los expedientes de las investigaciones bajo estas reglas.  Podrá solicitarle al Tribunal que emita las órdenes que sean necesarias, que surjan al amparo de la Regla 9 (f), para proteger información privilegiada bajo las Reglas de Evidencia o información que pueda lesionar derechos fundamentales de terceros.

d.	La solicitud de examen de un expediente custodiado por la Oficina de Asuntos Legales deberá ser notificada a la jueza o al juez investigado y exonerado.  Este podrá, dentro de un término de diez (10) días, solicitarle a la Directora o al Director que mediante orden del Tribunal proteja su derecho a la intimidad sobre aquella información en el expediente que considere privilegiada, fundamentando su solicitud.

## REGLA 12. COMISIÓN DE DISCIPLINA JUDICIAL

a. *Creación*.

La Comisión de Disciplina Judicial queda establecida de conformidad con la autoridad concedida por el Artículo V, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico y por el Art. 6.005 de la Ley de la Judicatura de 2003. La Comisión auxiliará al Tribunal en el ejercicio de su responsabilidad en asuntos de disciplina y de retiro involuntario de jueces o juezas.

b. *Composición*.

La Comisión estará compuesta por una Presidenta o un Presidente y cinco (5) Comisionadas Asociadas o Comisionados Asociados, nombrados por el Tribunal.

c. *Nombramiento*.

1. Los miembros de la Comisión serán nombrados por un término de cuatro (4) años y hasta que la sucesora o el sucesor tome posesión del cargo.

2. El Tribunal podrá nombrar además, dos (2) Comisionadas Asociadas o Comisionados Asociados Alternos para aquellos casos en que más de uno en propiedad no pueda participar en algún asunto particular.

d. *Requisitos*. La Presidenta o el Presidente y dos (2) Comisionadas Asociadas o Comisionados Asociados deberán ser ex jueces no postulantes del Tribunal General de Justicia, dos (2) Comisionadas Asociadas o Comisionados Asociados serán abogados no postulantes con por lo menos cinco (5) años de experiencia y el restante Comisionado Asociado será un ciudadano o una ciudadana que no sea abogado o abogada.

e. *Dietas*. Las Comisionadas o los Comisionados que no estuvieren empleados permanentemente por el Estado Libre Asociado de Puerto Rico, sus agencias o corporaciones públicas tendrán derecho a recibir una dieta de cien dólares ($100) por cada reunión de la Comisión a que asistan o por cada día en que realicen gestiones por encomienda de la Comisión o de su Presidenta o Presidente, en relación con los deberes que les imponen estas reglas.

f. *Acuerdos y quórum*. Todos los acuerdos de la Comisión serán adoptados por mayoría simple de los presentes. Tres (3) miembros de la Comisión constituirán *quórum*. Cuando la Presidenta o el Presidente esté ausente o no intervenga en algún asunto, la Comisionada Asociada o el Comisionado Asociado con el término inicial de nombramiento más largo, o en lo sucesivo, el o la de mayor antigüedad, actuará como Presidenta Interina o Presidente Interino, excepto que no podrá actuar como tal, la Comisionada Asociada o el Comisionado Asociado que no sea abogado. No obstante, la Presidenta o el Presidente tendrá la facultad de designar interinamente como presidente o presidenta a cualquier Comisionado Asociado, cuando el de mayor antigüedad se inhiba voluntariamente a participar de algún asunto.

g. *Funciones; comisionados o comisionadas; personal*.

1. La Presidenta o el Presidente designará a cualquiera de las Comisionadas Asociadas o Comisionados Asociados para que evalúe el informe de investigación y proceda a determinar si existe o no causa probable para presentar una querella o petición de retiro involuntario, contra la jueza o el juez promovido, de conformidad con la Regla 12.

2. La Comisión considerará en vista evidenciaria aquellas querellas o peticiones de retiro involuntario, en las cuales se haya determinado causa probable en relación con cualquier jueza o juez en funciones, y recomendará al Tribunal la acción a seguir.

3. La Comisión podrá adoptar normas compatibles con estas reglas para su funcionamiento interno.

4. La Comisión o cualquiera de sus miembros podrá tomar juramento, requerir la comparecencia de testigos y la presentación de libros, registros, documentos u objetos pertinentes, celebrar vistas y recibir prueba, de conformidad con lo dispuesto en estas reglas.

5. Durante el período que dure la encomienda, la Presidenta o el Presidente dirigirá los trabajos de la Comisión y ejercerá todos los poderes necesarios para su administración, de modo que asegure el más eficiente funcionamiento de ésta.

6. El personal, las instalaciones y los recursos necesarios serán provistos por el Juez Presidente o la Jueza Presidenta.

## REGLA 13.  DETERMINACIÓN DE CAUSA PROBABLE

a. La Presidenta o el Presidente designará a una de las Comisionadas Asociadas o uno de los Comisionados Asociados, que sea abogado, para que en un término no mayor de treinta (30) días, a partir del recibo del informe de investigación remitido por la Directora o el Director, evalúe dicho informe y proceda a determinar mediante resolución, si existe o no causa probable para presentar una querella o una petición de retiro involuntario.  Este término podrá ser ampliado por la Presidenta o el Presidente.

b. La Comisionada Asociada o el Comisionado Asociado designado para actuar en la determinación de causa probable en un caso específico, deberá inhibirse de participar en los trámites posteriores del mismo.

## REGLA 14.  NOTIFICACIÓN DE LA DETERMINACIÓN DE CAUSA PROBABLE

Si la Comisionada Asociada o el Comisionado Asociado determina mediante resolución que existe causa probable, lo notificará a la Secretaria o al Secretario y ordenará a la Oficina de Asuntos Legales o a la persona que designe la Directora o el Director, que presente la querella o petición de retiro involuntario.  La Secretaria o el Secretario notificará la resolución a la parte promovente, a la jueza o al juez promovido y a la Directora o al Director, dentro de los diez (10) días siguientes a la determinación de causa probable.

## REGLA 15.  IMPOSICIÓN DE MEDIDAS PROVISIONALES; NOTIFICACIÓN

a. Una vez la Comisionada Asociada o el Comisionado Asociado determine que existe causa probable, podrá recomendar al Juez Presidente o la Jueza Presidenta, la imposición de medidas provisionales durante el procedimiento disciplinario o de retiro involuntario, tales como: la suspensión temporal de empleo, relevo de sala, asignación de tareas administrativas o cualquier otra medida administrativa que considere necesaria para garantizar la sana administración de la justicia, considerando:

1.	la gravedad de la conducta imputada;

2.	la existencia de evidencia que sostenga la probabilidad razonable de la veracidad de la conducta imputada; o

3.	el riesgo de que la conducta imputada pueda repetirse.

b.	El Juez Presidente o la Jueza Presidenta podrá suspender a una jueza o a un juez de sus funciones, con sueldo, sin que sea necesaria actuación alguna de la Comisión, cuando haya sido presentada una acusación en su contra por la comisión de un delito.

c.	El Juez Presidente o la Jueza Presidenta podrá imponer a una jueza o a un juez, ante alguna situación extraordinaria, cualquier medida provisional sin sujeción al trámite disciplinario dispuesto en estas reglas.

d.	La imposición de la medida provisional o la suspensión no impedirá que se inicie o prosiga el procedimiento disciplinario dispuesto en estas reglas, respecto a la conducta, que motivó dicha imposición.

e.	La imposición de la medida provisional o suspensión de sus funciones judiciales será notificada a la jueza o al juez personalmente, mediante alguacila o alguacil, y a la Comisión, a través de la Secretaria o del Secretario. Además, se le notificará personalmente copia de dicha determinación, a la Jueza Administradora o al Juez Administrador de la Región Judicial que supervisa a la jueza o al juez y a la Oficina de Recursos Humanos de la Oficina de Administración de los Tribunales.

## REGLA 16.	DETERMINACIÓN DE QUE NO EXISTE CAUSA PROBABLE; REVISIÓN

a.	Si la Comisionada Asociada o el Comisionado Asociado designado determina que no existe causa probable, emitirá una resolución en la que expresará los fundamentos de su determinación y ordenará el archivo de la queja.

b.	La Secretaria o el Secretario, dentro de los diez (10) días siguientes a la determinación de no causa probable, notificará por

correo la resolución y la orden de archivo, a la jueza o al juez promovido y a la Directora o al Director.

c.      La Directora o el Director podrá solicitar reconsideración a la Comisionada Asociada o al Comisionado Asociado, dentro de los diez (10) días siguientes a la notificación.

d.      Si la Comisionada Asociada o el Comisionado Asociado sostiene su determinación de no causa probable, la Directora o el Director podrá solicitar la revisión de ésta ante el Juez Presidente o la Jueza Presidenta, dentro de los diez (10) días siguientes a la notificación de dicha determinación. Presentará un escrito en el que expondrá en detalle los fundamentos de su solicitud y notificará copia del mismo a la jueza o al juez promovido y a la Comisión.

e.      El Juez Presidente o la Jueza Presidenta podrá confirmar la determinación de no causa probable o podrá determinar causa probable.  La determinación será notificada a la jueza o al juez, a la Directora o al Director y a la Comisión.

## REGLA 17.  PRESENTACIÓN Y CONTENIDO DE LA QUERELLA Y DE LA PETICIÓN DE RETIRO INVOLUNTARIO

a.      La Oficina de Asuntos Legales o la persona designada por la Directora o el Director presentará la querella o la petición de retiro involuntario ante la Secretaria o el Secretario, dentro de los veinte (20) días siguientes a la notificación de la determinación de causa probable.

b.      La querella detallará una relación de los hechos pertinentes y los cargos imputados contra la jueza o el juez promovido conforme a la ley, a los Cánones de Ética Judicial, al Código de Ética Profesional o a las órdenes y normas administrativas aplicables, por negligencia crasa o inhabilidad profesional manifiesta en sus deberes judiciales.  La querella también incluirá la sanción recomendada.

c.      La petición de retiro involuntario detallará una relación de la conducta o condición de salud física o mental, ya sea temporera o permanente, imputada a la jueza o al juez, las alegaciones de hechos pertinentes y la solicitud correspondiente.

d.    No se permitirá en el contenido de la querella o de la petición de retiro involuntario adoptar por referencia alegaciones del informe de investigación.

## REGLA 18.  NOTIFICACIÓN DE LA QUERELLA O DE LA PETICIÓN DE RETIRO INVOLUNTARIO; CONSECUENCIA DE NO CONTESTAR

a.    Presentada la querella o la petición de retiro involuntario, la Secretaria o el Secretario expedirá mandamiento dirigido a la jueza o al juez requiriéndole presentar su contestación ante la Comisión, dentro de los veinte (20) días siguientes al diligenciamiento.  Se le apercibirá que de no contestar dentro del término concedido, el procedimiento continuará sin el beneficio de su comparecencia.  Si la jueza o el juez no presenta su contestación dentro de dicho término, los cargos se considerarán negados.

b.    La alguacila o el alguacil diligenciará el mandamiento mediante entrega personal a la jueza o al juez, de copia del mandamiento y de la querella o petición de retiro involuntario, en el tribunal donde estuviese asignado.

c.    Si la alguacila o el alguacil no puede diligenciar el mandamiento personalmente, porque la jueza o el juez se encuentra en el disfrute de alguna licencia, ha sido suspendido; o porque la alguacila o el alguacil tiene motivos fundados para pensar que la jueza o el juez está evadiéndole, así lo hará constar a la Secretaria o al Secretario mediante escrito jurado, en el cual acreditará las diligencias realizadas.  En tal caso, la Presidenta o el Presidente estará facultado para autorizar que el diligenciamiento se realice mediante entrega personal en la residencia de la jueza o del juez.  También podrá autorizar, en última instancia, que se diligencie por correo ordinario a la última dirección provista por la jueza o el juez.

## REGLA 19.    DISPOSICIONES APLICABLES AL TRÁMITE DE PETICIONES DE RETIRO INVOLUNTARIO

a.    Al atender peticiones de retiro involuntario de juezas o jueces por razón de salud física o mental, se seguirá el trámite dispuesto en estas reglas.

b. La Comisión podrá designarle una abogada o un abogado de oficio, a la jueza o al juez que comparezca sin representación legal, si así se justifica.

c. En cuanto a la designación de peritos, regirán las siguientes normas:

1. En caso de que la jueza o el juez promovido, niegue su condición de salud física o mental en su contestación a la petición de retiro involuntario, la Comisión podrá designar uno o más peritos para que evalúen a la jueza o al juez promovido y rindan un informe a la Comisión con recomendaciones y diagnósticos específicos. Si la jueza o el juez se niega a someterse a dicha evaluación, la Comisión lo notificará de inmediato al Tribunal Supremo y solicitará una orden para que la jueza o el juez, se someta a la misma.

2. El perito designado por la Comisión evaluará a la jueza o al juez promovido en el término de veinte (20) días a partir de la notificación de la designación como perito.

3. El perito designado por la Comisión rendirá el informe de evaluación médica dentro del plazo de veinte (20) días, a partir de la conclusión de la evaluación. Copia de dicho informe será notificada a la Directora o al Director, a la jueza o al juez promovido y a su representación legal.

4. Una vez recibido el informe pericial, la Comisión continuará con los procedimientos dispuestos en este reglamento.

d. Los honorarios por los servicios periciales prestados al amparo de esta regla serán aprobados previamente por el Tribunal y satisfechos con cargo a la partida de Servicios Profesionales y Consultivos del Tribunal.

## REGLA 20. DESCUBRIMIENTO DE PRUEBA

a. Las partes se notificarán mutuamente las solicitudes de descubrimiento de prueba que presenten a la Comisión, así como todo escrito, de conformidad con la Regla 26(b).

b. La Comisión concederá a las partes los términos que considere razonables, según la complejidad y naturaleza del caso,

para que éstas cumplan con los mecanismos de descubrimiento de prueba solicitados conforme a la Regla 24.

c. La toma de deposición de testigos requerirá la autorización de la Comisión, previa determinación de la necesidad de utilizar dicho procedimiento.

## REGLA 21. VISTA, NOTIFICACIÓN

a. La Comisión celebrará una vista evidenciaria para recibir prueba sobre la querella o petición de retiro involuntario, dentro de los sesenta (60) días siguientes a la expiración del término concedido a la jueza o al juez para presentar su contestación.

b. De haber concedido la Comisión un término mayor para el descubrimiento de prueba, la vista podrá ser señalada para una fecha posterior al término dispuesto en esta regla.

c. La Secretaria o el Secretario notificará a la jueza o al juez querellado la fecha de la vista con veinte (20) días de antelación.

d. La Comisión tendrá discreción para modificar estos términos.

## REGLA 22. CITACIONES

a. La Secretaria o el Secretario expedirá las citaciones y mandamientos que ordene la Comisión de la misma manera que cuando media una orden del Tribunal.

b. Las partes serán responsables del diligenciamiento de las citaciones de los testigos que soliciten y de notificarle a éstos, cualquier suspensión de los procedimientos.

c. La Comisión podrá recurrir al Tribunal para solicitar la citación de cualquier testigo bajo apercibimiento de desacato.

## REGLA 23.  PROCEDIMIENTO DURANTE LA VISTA; MOCIONES

a.  La Presidenta o el Presidente, o la Comisionada o el Comisionado Asociado designado, dirigirá y resolverá todo planteamiento evidenciario.

b.  Durante la vista, la jueza o el juez tendrá derecho a confrontar a los testigos de cargo, a examinar la prueba documental o demostrativa presentada en su contra y a presentar evidencia en su favor.

c.  Si la jueza o el juez no presenta contestación, no comparece a la vista o se niega a declarar, ello no podrá considerarse como evidencia en su contra.

d.  Cualquier moción presentada al Tribunal Supremo con relación a la querella o petición de retiro involuntario, no paralizará los procedimientos durante la vista ante la Comisión, salvo que el Tribunal Supremo disponga lo contrario.

## REGLA 24.  APLICABILIDAD DE REGLAS PROCESALES

Las disposiciones de las Reglas de Procedimiento Civil y de las Reglas de Evidencia aplicables a casos civiles regirán los procedimientos ante la Comisión en forma supletoria, salvo que de otra forma sea provisto en estas reglas y cónsono con la naturaleza de este procedimiento.

## REGLA 25.  *QUANTUM* DE LA PRUEBA

El *quantum* de la prueba requerido para probar los cargos será el de prueba clara, robusta y convincente.

## REGLA 26.  REQUISITOS APLICABLES A LA PRESENTACIÓN DE ESCRITOS ANTE LA COMISIÓN

a.  Apéndice.

1.  Cualquier escrito que las partes presenten ante la Comisión, podrá venir acompañado de un apéndice, cuyas páginas se numerarán consecutivamente.

2.	Si el apéndice tiene más de un documento irá precedido de un índice que indique la página en la cual aparece cada documento.

b.	Notificación.

1.	Todo escrito presentado ante la Comisión será notificado a las abogadas y a los abogados de cada una de las partes, o a las mismas partes si éstas no tienen representación legal. El hecho de la notificación se hará constar en el mismo escrito presentado.

2.	La notificación a las partes se efectuará dentro de los términos dispuestos por estas reglas según la etapa en la que se encuentre el procedimiento.

3.	La notificación se efectuará por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo.

4.	Cuando la notificación se efectúe por correo se remitirá a las abogadas o a los abogados de las partes o a las mismas partes si no tienen representación legal, a la dirección postal que surja del escrito más reciente que conste en el expediente del caso.  Cuando del expediente no surja dirección alguna, si la parte posee representación legal, la notificación se hará a la dirección más reciente de la abogada o del abogado de la parte, que surja del registro que lleve la Secretaria o el Secretario. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes.

5.	La entrega personal se realizará en la oficina de las abogadas y los abogados que representen a las partes.  Las notificaciones deberán entregarse a éstos o a cualquier persona a cargo de la oficina.   Si las partes no tienen representación legal la entrega se le hará en la dirección de las partes, que conste en el expediente del caso, a cualquier persona adulta que allí se encuentre.

6.	En los casos de entrega personal, se certificarán la forma y las circunstancias del diligenciamiento, lo que se hará dentro de las próximas 72 horas desde que se efectuó la entrega.   El término aquí dispuesto será de estricto cumplimiento.

7.	En circunstancias no previstas por esta regla, la Comisión podrá, *motu proprio*, o a solicitud de parte, disponer el método de notificación que mejor se ajuste a las circunstancias particulares del caso.

8.	Cualquier escrito posterior que sea presentado será notificado por correo, simultáneamente y personalmente a las partes. En el mismo se certificará la forma en la que se haya efectuado la notificación.

c.	Forma de los escritos; copias

1.	Todo escrito que sea presentado ante la Comisión y las copias notificadas a las partes, deberán ir encabezados con el epígrafe del caso, con expresión del título y del número. Dichos escritos y todas sus copias deberán estar firmados por la abogada o el abogado que los suscribe o por la misma parte, si ésta no tiene representación legal.

2.	Todo escrito será presentado ante la Comisión en papel tamaño legal, $8^{1/2''}$x 14", a doble espacio, en tipo pica o mayor, por un solo lado del papel y con un margen izquierdo no menor de ½" y un margen derecho no menor de ½". El escrito no se deberá coser con alambres.

3.	Todo documento que forme parte de un apéndice cumplirá estrictamente con el sub-inciso c(1) precedente, excepto que se permitirá fotocopiar documentos originales a espacio sencillo siempre que dichas copias sean claramente legibles y cumplan con los demás requisitos del sub-inciso c(1) que apliquen.

4.	Todo documento será presentado en original y 7 copias, claramente legibles, que podrán ser de fotocopias o de máquinas reproductoras de eficiencia análoga. No se aceptarán copias carbón bajo ninguna circunstancia. La Secretaria o el Secretario velará por el estricto cumplimiento de esta disposición y en caso de incumplimiento, tomará las medidas correctivas que dispone el Reglamento del Tribunal Supremo vigente.

d.	Plazos para presentar escritos; prórrogas

1.	Cuando un escrito deba ser presentado ante la Comisión, de conformidad con los términos dispuestos en estas reglas, dentro de determinado período de tiempo, o en un día

determinado, el plazo vencerá a las 5:00 p.m. del día correspondiente. La hora se determinará de acuerdo con el reloj fechador del Tribunal Supremo.

2.	Ninguna funcionaria o ningún funcionario, o empleada o empleado, salvo por órdenes expresas, está autorizado a aceptar recursos o escritos que se presenten fuera del horario dispuesto por el Reglamento del Tribunal Supremo, o en otro lugar que no sea la Secretaría del Tribunal Supremo.

3.	Las mociones de prórroga serán fundamentadas con hechos concretos y no con meras generalizaciones. Como regla general, el exceso de trabajo de la abogada o del abogado no se considerará una razón adecuada para justificar una prórroga.

## REGLA 27.  GRABACIÓN

a.	El procedimiento de toda vista celebrada ante la Comisión será grabado. La grabación de dicha vista constituirá el récord oficial del procedimiento. La oficial o el oficial de transcripciones certificará la correccion de cualquier duplicación o transcripción que se efectúe.

b.	La grabación será transcrita únicamente cuando el Tribunal así lo ordene.

c.	El Tribunal o la Comisión podrá autorizar la regrabación de la vista, a solicitud de cualquiera de las partes, previo el pago del arancel correspondiente.

d.	Las partes podrán grabar simultáneamente los procedimientos mediante su propio equipo de grabación, previa autorización de la Presidenta o del Presidente.

## REGLA 28.   INFORME DE LA COMISIÓN;  RECONSIDERACIÓN

a.	Al concluir la presentación de la prueba, la Comisión preparará un informe que incluirá sus determinaciones de hechos y conclusiones de derecho, así como su recomendación. Además, podrá requerir memorandos de derecho a las partes. La Comisión redactará el informe y lo notificará a las partes en el término de cuarenta y cinco (45) días.

b.    La recomendación al Tribunal incluida en el informe de la Comisión será adoptada por el voto de la mayoría de los miembros presentes.   Si alguna Comisionada Asociada o algún Comisionado Asociado no está de acuerdo con la recomendación, se hará constar su voto disidente en el informe.   Además, el que disienta podrá fundamentar por escrito su disenso.

c.    Las partes tendrán un término simultáneo de veinte (20) días, contados a partir de la notificación del informe, para solicitar a la Comisión:

1)    reconsideración de las determinaciones de hechos formuladas;

2)    reconsideración de la recomendación o;

3)    formulación   de   determinaciones   de   hechos adicionales,  consignando  el  texto  de  éstas,  su  procedencia  y justificación.

d.  Si transcurrido el término de veinte (20) días, concedido en el inciso "c" anterior, las partes no han presentado escrito alguno ante la Comisión o ésta deniega algún escrito presentado, el informe advendrá final.  La Comisión lo presentará al Tribunal dentro de un término que no excederá de cinco (5) días desde que el informe advino final.  No será necesario notificar de nuevo a las partes si la Comisión no enmendó su informe y el que le presenta al Tribunal es el mismo informe del inciso "a" de esta Regla.

e.  Si la Comisión, luego de considerar cualquier escrito presentado conforme al inciso "c" de esta regla, enmienda el informe, el mismo advendrá final.   La Comisión lo presentará al Tribunal dentro de un término que no excederá de cinco (5) días desde la fecha en que advino final y lo notificará a las partes.

## REGLA 29.   RECOMENDACIÓN DE MEDIDAS DISCIPLINARIAS

a.    En los casos disciplinarios, la recomendación de la Comisión al Tribunal podrá incluir una o varias de las siguientes medidas disciplinarias:

(1)    desestimación y archivo;

(2)      amonestación;

(3)      censura;

(4)      suspensión temporal;

(5)      destitución,

(6)      sanciones como abogado o abogada; y

(7)      cualquier otra medida disciplinaria que corresponda con la naturaleza de la actuación.

b.      En los casos de  retiro involuntario, la Comisión podrá recomendar, entre otros:

(1)      desestimación y archivo;

(2)       suspensión temporal;

(3)       separación del servicio.

## REGLA 30.    DECISION DEL TRIBUNAL SUPREMO

a.      Las partes podrán comparecer por escrito ante el Tribunal para exponer sus respectivas posiciones dentro de los veinte (20) días siguientes a la notificación del informe de la Comisión, de conformidad con lo dispuesto en la Regla 27.

b.      Transcurrido el término de veinte (20) días dispuesto en el inciso "a", el caso quedará sometido para la decisión final del Tribunal.

c.      La decisión del Tribunal será notificada a la Comisión, por la Secretaria o el Secretario, a la jueza o al juez promovido, a su representación legal y a la Directora o al Director, de conformidad con el Reglamento del Tribunal.

## REGLA 31.    RECONSIDERACIÓN DE LA DECISIÓN DEL TRIBUNAL  SUPREMO

a. Toda moción de reconsideración de la decisión del Tribunal deberá presentarse dentro del plazo jurisdiccional de diez

(10) días laborables, contados a partir de la notificación de la decisión o resolución del Tribunal a las partes.

b. El escrito de reconsideración no deberá exceder de diez (10) páginas.

c. Las citas de autoridades deberán discutirse en el cuerpo de la moción, por lo que no se aceptarán memorandos de autoridades por separado, ni peticiones de prórroga para fundamentar la reconsideración presentada. La Secretaria o el Secretario denegará de plano cualquier solicitud de prórroga para presentar una moción de reconsideración o un escrito en apoyo de ésta.

d. Una vez resuelta la moción de reconsideración, si ésta fuese denegada, se permitirá que las partes presenten sólo una moción de reconsideración adicional. La misma deberá presentarse dentro del plazo de tres (3) días, contados a partir de la notificación de la denegación del anterior recurso de reconsideración.

e. Si como resultado de una reconsideración, el Tribunal enmendara o de alguna forma modificara su sentencia u opinión, la parte afectada podrá presentar una moción de reconsideración. Esta moción deberá presentarse dentro del plazo de diez (10) días laborables, contados desde la notificación del archivo en autos de copia de la notificación de la sentencia u opinión enmendada o de la resolución que enmiende la opinión o sentencia, según sea el caso.

## REGLA 32.  PRÓRROGAS

Los términos dispuestos en estas reglas son de estricto cumplimiento. Sólo podrán ser prorrogados mediante solicitud escrita presentada por cualquier parte dentro del término cuya prórroga se solicite y mostrando razones que la justifiquen y de conformidad con la Regla 26(d)(3). Esta solicitud será resuelta:

a. durante la etapa del trámite en la Oficina de Administración de los Tribunales, por el Director o la Directora;

b. durante el trámite ante la Comisión, por su Presidente o Presidenta y;

c.      durante el trámite ante el Tribunal, por el Juez Presidente o la Jueza Presidenta o el Tribunal, según sea el caso.

## REGLA 33. EFECTO DE RENUNCIA O EXPIRACIÓN DEL TÉRMINO DE NOMBRAMIENTO

a.	La renuncia o la expiración del término del nombramiento de la jueza o del juez querellado no impedirá que continúe el procedimiento disciplinario en su contra al amparo de este reglamento. La Comisión determinará si la conducta amerita la recomendación de imponerle a la jueza o al juez querellado medidas disciplinarias por violación al Código de Ética Profesional.

b.	En los casos de retiro involuntario, al amparo de la Regla 19, la renuncia de la jueza o del juez o la expiración del término de su nombramiento conllevará la desestimación del procedimiento de retiro involuntario, salvo aquellos casos en los cuales la Comisión determine continuar el procedimiento con el propósito de recomendar al Tribunal medidas disciplinarias por violación al Código de Ética Profesional.

## REGLA 34. ASUNTOS NO PREVISTOS POR ESTAS REGLAS

En asuntos no previstos por estas reglas, el Tribunal determinará su trámite en la forma que garantice el cumplimiento de los propósitos que inspiran estos procedimientos y los derechos de la jueza o del juez, de la parte promovente y la sana administración de la justicia.

## REGLA 35. CLÁUSULA TRANSITORIA

a.	Todo caso que esté bajo investigación en la Oficina de Asuntos Legales al momento de entrar en vigor estas reglas, continuará con el procedimiento vigente a la fecha de la presentación de la queja y hasta la presentación del informe de investigación a la Comisión. Para las demás etapas del caso, regirá el procedimiento disciplinario establecido en estas reglas.

b.	Los casos sometidos al Tribunal, en o antes de la vigencia de estas reglas, continuarán con el procedimiento que regía a la fecha de la presentación de la querella o petición de retiro involuntario.