EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                      | 2013 TSPR 96     |
|                             |                  |
|                             | 189 DPR ____     |
| Carmen Camacho Hernández    |                  |

Número del Caso: TS-15187

Fecha: 13 de junio de 2013

Programa de Educación Jurídica Continua:

Lcda. Yanis Blanco Santiago

Materia: Conducta Profesional – La suspensión será efectiva el 29 de agosto de 2013, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Carmen Camacho Hernández

TS-15,187

PER CURIAM

En San Juan, Puerto Rico, a 13 de junio de 2013.

Nuevamente nos vemos obligados a suspender a otro miembro de nuestra profesión. Esto debido al craso incumplimiento con los requisitos del Programa de Educación Jurídica Continua, la indiferencia para con los requerimientos de este Tribunal y la omisión de mantener los datos personales al día en el Registro Único de Abogados. Por los fundamentos que a continuación enunciamos, se suspende inmediata e indefinidamente a la Lcda. Carmen Camacho Hernández del ejercicio de la abogacía.

I

La Lcda. Carmen Camacho Hernández fue admitida al ejercicio de la abogacía el 16 de febrero de 2005. Asimismo, inició sus labores como notario el 8 de marzo de 2005. El 11 de mayo de

2009 esta entregó su obra notarial y su sello de notario a la Oficina de Inspección de Notarías (ODIN), por lo cual solicitó el cese de sus labores como notario. No obstante, al inspeccionar la obra de la licenciada Camacho Hernández, ODIN identificó deficiencias en la misma. Así las cosas, luego de varios trámites procesales, el 6 de septiembre de 2011 emitimos una Resolución en la que autorizamos la aprobación de la obra notarial de la licenciada con las deficiencias señaladas por ODIN. A esos efectos, mediante Resolución de 20 de octubre de ese mismo año dimos por terminada su fianza notarial.

Más adelante, el 12 de diciembre de 2012 el Programa de Educación Jurídica Continua (PEJC o el Programa) compareció ante nos mediante el *Informe sobre cumplimiento con requisito de educación jurídica*. En su escrito, el PEJC nos indica que la licenciada Camacho Hernández no completó los requisitos establecidos en el Reglamento del Programa de Educación Jurídica Continua (Reglamento), 164 D.P.R. 155 (2005), durante el periodo del 1 de febrero de 2007 al 31 de enero de 2009. En consecuencia, el Programa le envió un aviso de incumplimiento a la letrada y esta pagó la cuota correspondiente por cumplimiento tardío según lo establece la Regla 30 del Reglamento. Tras el transcurso de un periodo razonable al no haber cumplido con los requisitos del Programa, el 18 de noviembre de 2010 se le envió a la letrada una citación para que asistiera a una vista informal pautada para el 6 de

diciembre de 2010. Sin embargo, esta no compareció a ese procedimiento y tampoco satisfizo los requisitos de educación continua para el periodo señalado.

En su comparecencia, el Programa nos informó además, sobre el periodo de incumplimiento que transcurrió del 1 de febrero de 2009 al 31 de enero de 2011; ello sin contar los posibles incumplimientos de periodos posteriores a ese señalamiento. Asimismo, el PEJC nos indicó que al momento de emitir las citaciones descansó en la información contenida en el Registro Único de Abogados (RUA), la cual no estaba actualizada.

Luego de examinar el *Informe* presentado por el PEJC, el 26 de diciembre de 2012 concedimos a la licenciada Camacho Hernández un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía tras no comparecer ante el PEJC e incumplir con los requisitos de educación continua. La Resolución a esos efectos fue enviada a la última dirección conocida de la letrada, pero el sobre de correo fue devuelto. En consecuencia, ordenamos diligenciar la notificación de la Resolución a través de la Oficina del Alguacil, pero la residencia que correspondía a la dirección indicada estaba abandonada. Cabe mencionar que del *Registro de seguimiento de notificaciones* surge que se realizaron varias gestiones telefónicas y se enviaron notificaciones por correo regular. Fue a través de un correo electrónico enviado el 4 de abril de 2013 que se

pudo establecer comunicación con la licenciada. En respuesta, esta llamó a la Secretaría de este Tribunal y como excusa al incumplimiento con los requisitos del Programa señaló que entendía que ya estaba dada de baja del ejercicio de la abogacía. Por consiguiente, se le aconsejó que sometiera una moción contestando la Resolución. Empero, la letrada aún no ha comparecido ante nos.

II

Como es sabido, el Reglamento del Programa de Educación Jurídica Continua establece que todo profesional del Derecho admitido al ejercicio de la abogacía y la notaría en Puerto Rico tiene el deber de cumplir los requisitos de educación jurídica continua, a menos que esté exento según las disposiciones de la Regla 4 de dicho Reglamento, 4 L.P.R.A. Ap. XVII-E, según enmendada. Asimismo, en el caso de cumplimiento tardío, un abogado deberá presentar un informe explicando las razones que justifican su tardanza y pagar una cuota. 4 L.P.R.A. Ap. XVII-E, R. 29. Sin embargo, si el abogado no comparece a una vista informal por incumplimiento con sus obligaciones, la Junta de Educación Jurídica Continua remitirá el asunto a este Tribunal. 4 L.P.R.A. Ap. XVII-E, R. 32.

Por su parte, el Código de Ética Profesional establece que todo abogado debe ser responsivo a los requerimientos de este Tribunal. De esta forma, el Canon

9 del Código de Ética Profesional regula la conducta del abogado ante los tribunales y exige que ésta se caracterice por el mayor respeto. 4 L.P.R.A. Ap. IX. Lamentablemente, de manera repetitiva nos hemos visto en la situación de "recordarles a los miembros de esta profesión que para honrar este mandato se requiere una escrupulosa atención y obediencia a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos disciplinarios". *In re Grau Collazo*, 185 D.P.R. 938, 943-944 (2012); *In re Fernández Amy*, 180 D.P.R. 158, 160 (2010). Cuando se incumple con esa responsabilidad procede la suspensión del ejercicio de la profesión, pues ello demuestra indiferencia a nuestros dictámenes y apercibimientos, lo cual vulnera el Canon 9, *supra*. *In re Rosario Martínez*, 184 D.P.R. 494 (2012); *Galarza Rodríguez, Ex parte*, 183 D.P.R. 228 (2011).

Igualmente, es menester mencionar que la Regla 9(j) del Reglamento de este Tribunal especifica que "[t]odo (a) abogado (a) tendrá la obligación de notificar al (a la) Secretario (a) cualquier cambio de dirección postal o física". 4 L.P.R.A. Ap. XXI-A. Precisamente, para facilitar el cumplimiento de esta obligación, se estableció el Registro Único de Abogados (RUA), cuyo propósito principal es centralizar en una sola base de datos la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. *In re Toro Soto*, 181 D.P.R. 654, 660-661 (2011).

Cabe mencionar que nuestro énfasis en la importancia de que todo abogado mantenga al Tribunal al tanto de sus direcciones y de su información personal no es novel. En reiteradas ocasiones hemos señalado la gravedad que conlleva no notificar de manera inmediata a la Secretaría de este Tribunal cualquier cambio ocurrido. *In re Toro Soto*, supra, pág. 660; *In re Borges Lebrón*, 179 D.P.R. Ap. (2010); *In re Morales Rodríguez*, 179 D.P.R. 766, 769 (2010). A esos efectos, hemos dispuesto que "[e]l abogado que no cumpla con este deber falta a los deberes más elementales de la profesión". *In re Tió Fernández*, 178 D.P.R. 681, 683 (2010). Esto, pues, al así proceder, el abogado obstaculiza el ejercicio de la jurisdicción disciplinaria del Tribunal Supremo. Por lo tanto, el incumplimiento de tal deber es suficiente para decretar la separación indefinida de la abogacía. *In re Toro Soto,* supra.

## III

Cónsono con lo expuesto, observamos que la licenciada Camacho Hernández ha fallado en cumplir con los requisitos del PEJC. Resulta claro que desde la notificación emitida por el Programa el 25 de febrero de 2009, la letrada ha tenido tiempo más que suficiente para completar los requisitos reglamentarios de educación jurídica continua.

Asimismo, surge que la licenciada Camacho Hernández, pagó la cuota por cumplimiento tardío. Consiguientemente, esta no puede justificar su incomparecencia a la citación

del Programa, porque entendía que no estaba activa en la profesión de la abogacía en nuestra jurisdicción. El hecho de que hubo una notificación de incumplimiento era en sí mismo un aviso indubitado de que estaba activa.

Sin embargo, lo más vergonzoso y lamentable es la actitud de dejadez e indiferencia que sostiene la licenciada para con los requerimientos de esta Curia y sus dependencias. Tras varias gestiones realizadas por la Secretaría para notificar la Resolución de 26 de diciembre de 2012, la licenciada Camacho Hernández fue notificada vía correo electrónico. Al día de hoy, ha transcurrido el término concedido para que cumpliera con nuestra orden de mostrar causa. Sin embargo, esta aún no ha comparecido ante nos y tampoco ha acreditado justa causa para tal incumplimiento.

Según podemos observar, la licenciada Camacho Hernández exhibe una actitud de desprecio e indiferencia, no solo con las órdenes de este Tribunal, sino con las que le hiciera el PEJC. Así, en vista del craso incumplimiento de la letrada con los requisitos del Programa, las órdenes de este Tribunal y por faltar a su deber de mantener los datos de RUA al día, *decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos, por lo tanto, notificar a todos sus clientes su inhabilidad para continuar con su representación, así como devolver tanto los expedientes de*

*los casos pendientes, como los honorarios recibidos por*
*trabajos no rendidos.*

*Igualmente, tiene el deber de informar oportunamente*
*de su suspensión tanto a los foros judiciales como*
*administrativos del país. Dichas gestiones deberán ser*
*notificadas a este Tribunal dentro del término de 30 días*
*a partir de la notificación de esta opinión Per Curiam Per*
*Curiam y Sentencia.*

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Carmen Camacho Hernández

TS-15187

SENTENCIA

San Juan, Puerto Rico, a 13 de junio de 2013.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, concluimos que la Lcda. Carmen Camacho Hernández infringió el Canon 9 del Código de Ética Profesional. Asimismo, violó las disposiciones del Reglamento del Programa de Educación Jurídica Continua, 164 D.P.R. 155 (2005), así como la Regla 9(j) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A. En consecuencia, la suspendemos inmediatamente del ejercicio de la abogacía por un periodo indefinido.

La señora Camacho Hernández notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta días, que cumplió con lo antes señalado. El cumplimiento con estos deberes será notificado también al Procurador General. El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado para trámites ulteriores.

Así lo pronunció y manda el Tribunal. Lo certifica la Secretaría del Tribunal Supremo.


                         Aida I. Oquendo Graulau
                      Secretaria del Tribunal Supremo