El Juez Asociado Señor Kolthoff Caraballo
emitió la opinión del Tribunal.
(Regla 50)
Transparencia, dentro del contexto de nuestros procesos disciplinarios, conlleva que se le notifique a un ciudadano con conocimiento personal y legitimación activa, de todos los trámites relacionados al asunto disciplinario que este ha promovido, sin excepción de que ese ciudadano vista una toga.
La controversia que nos ocupa en esta ocasión es relativamente sencilla. Precisa, simplemente, del ejercicio del sentido de justicia y lógica jurídica. Nos corresponde determinar si en un proceso disciplinario contra miembros de nuestra clase togada que fue referido a esta Curia mediante una orden o resolución judicial emitida por un Juez Administrador, el juez que originalmente le hace la solicitud a ese Juez Administrador de elevar los autos es parte promovente del proceso disciplinario y, por consiguiente, tiene que ser notificado de la presentación de documentos, órdenes o resoluciones conforme al Reglamento de este Tribunal Supremo. Por los fundamentos expuestos a continuación, respondemos tal interrogante en la afirmativa.
I
Las licenciadas MMT, MITA y LST (licenciadas) son representantes legales en un caso civil que se asignó a la sala del honorable juez Rafael Vissepó Vázquez (juez Vissepó).(1) Así las cosas, tras varios incidentes procesales en el caso, el 7 de enero de 2014 las licenciadas solicitaron *671 la inhibición del juez Vissepó y el traslado del caso a otra región judicial. Por lo anterior, el juez Vissepó emitió una Resolución el 1 de abril de 2014 en la que se inhibió del caso.
No obstante, el 15 de abril de 2014, las licenciadas presentaron un escrito dirigido al honorable juez Lind O. Merle Feliciano, Juez Administrador de la Región Judicial de Caguas (Juez Administrador), en el que solicitaron que se elevaran los autos para que este Tribunal evaluara la conducta del juez Vissepó. De igual forma, el 24 de abril de 2014, el juez Vissepó emitió una Resolución en la que solicitó al Juez Administrador que elevara el expediente del caso a esta Curia para que también se investigara si la, conducta de las licenciadas constituía alguna violación a los cánones del Código de Ética Profesional.
Por su parte, luego de recibir varios escritos de las partes, el 27 de mayo de 2014 el Juez Administrador emitió una Orden en la cual expresó que “las partes con interés, entiéndase las tres abogadas y el Juez que presidía los procedimientos, solicitaron que se eleven los autos para que sean evaluados oportunamente por el Tribunal Supremo de Puerto Rico por posibles violaciones a los cánones de ética profesional y judicial [...]”.(2) Acto seguido, ordenó a la Secretaria Regional fotocopiar los expedientes, certificar las copias como fieles y exactas, y regrabar todas las instancias del procedimiento. Además, ordenó que remitiera el expediente a este Tribunal Supremo “para la oportuna evaluación, conforme a lo solicitado”.(3) (Énfasis nuestro).
El 10 de julio de 2014, este Tribunal emitió una Resolución para conceder quince días a las licenciadas para ex-presarse sobre el asunto. Así, el 27 de julio de 2014, la licenciada MITA presentó su Comparecencia en Cumpli *672 miento de Resolución. Sin embargo, en dicha comparecencia, la licenciada MITA certificó haber notificado a la licenciada MMT, a ella misma y al Juez Administrador, dejando desprovistos de notificación a la licenciada LST y al juez Vissepó, ambos partes interesadas en el caso.
Así las cosas, el 12 de septiembre de 2014, el juez Vissepó presentó una Urgente Comparecencia Especial y en Solicitud de Remedios, en la que nos llama a la atención de que, a pesar de que él promovió la queja en contra de las licenciadas, todos los documentos están siendo notificados al Juez Administrador, dejándolo a él fuera de tales notificaciones. Por su parte, el 17 de septiembre de 2014, las licenciadas LST y MITA presentaron un escrito titulado Oposición a: Urgente Comparecencia Especial y en Solicitud de Remedios Véase, además, Urgente Solicitud de Or-den Protectora. En su escrito, las licenciadas expresan que, según su parecer, el juez Vissepó no es parte con interés, pues quien eleva el expediente a nuestra atención es el Juez Administrador mediante la Orden emitida el 27 de mayo de 2014 y no el juez Vissepó. Además, alegan que el Reglamento del Tribunal Supremo establece que los procesos de quejas en contra de un abogado o abogada son confidenciales.
Posteriormente, el 19 de septiembre de 2014, MMT presentó su Oposición en Torno a “Urgente Comparecencia Especial y en Solicitud de Remedios” y en Solicitud de Remedios. En dicho escrito invocó su derecho a la confidencialidad en el proceso de queja. Al igual que sus compañeras, nos expone que fue el Juez Administrador quien nos refirió la queja y no el juez Vissepó.
Luego de considerar la posición de todas las partes, y en virtud de la Regla 50 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, resolvemos la Urgente Comparecencia Especial y en Solicitud de Remedios presentada por el peticionario, el juez Vissepó.
*673 h—I

El derecho de la parte promovente” a ser notificada

La Regla 14 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRAAp. XXI-B, atiende lo concerniente a las quejas y los procedimientos disciplinarios contra abogados, abogadas, notarios y notarías. En sus incisos (c), (Z) y (o), respectivamente, se establece que:
(c) El Secretario o la Secretaria enviará copia de la queja al abogado, la abogada, el notario o la notaría, según sea el caso, para que dentro del término de diez (10) días se exprese sobre ésta. El Secretario o la Secretaria podrá prorrogar el término aquí dispuesto por circunstancias meritorias. El abogado, la abogada, el notario o la notaría notificará a la parte promovente de la queja por correo certificado con acuse de recibo, una copia de la contestación que presente al tribunal, haciendo constar en esta el hecho de la notificación.
(1) Cada parte tendrá un término simultáneo de veinte (20) días, contados desde la notificación del informe, para ofrecer sus comentarios u objeciones, y sus recomendaciones en cuanto a la acción que deba tomar el tribunal.
(o) El Secretario o la Secretaria notificará con copia de todas las providencias que adopte el tribunal, al abogado o al notario involucrado o a la abogada o a la notaría involucrada, y a la parte promovente de la queja. Cualquier decisión del tribunal que imponga sanciones se notificará, además, a la Oficina de Administración de los Tribunales, al Secretario o [a la] Secretaria de Justicia y al Colegio de Abogados de Puerto Rico. Si la sanción afecta en cualquier forma la capacidad del notario o de la notaría para actuar como tal, se notificará también al Secretario o Secretaria de Estado y al Director o Directora de la Oficina de Inspección de Notarías. (Énfasis nuestro).(4)
Por lo tanto, según nuestro Reglamento, la parte promovente no tan solo tiene derecho a que se le notifique la con *674 testación presentada por el abogado, sino que se le reconoce el derecho a que se le notifique de todas las providencias que adopte el Tribunal e, incluso, del informe que en su momento rinda el Comisionado o la Comisionada Especial.
Ahora bien, nuestro Reglamento no define el término parte promovente. De hecho, la realidad es que la palabra promovente no aparece en el diccionario de la Real Academia Española. La acepción que dicho diccionario incluye es la del término promover, que significa “[i] ni ciar o impulsar una cosa o un proceso, procurando su logro”.(5) Además, en una búsqueda del concepto “parte promovente” en un reglamento germano encontramos que el Reglamento de Disciplina Judicial, en su Regla 4, inciso (j), oportunamente define el término parte promovente como “cualquier persona natural que presente una solicitud para que se investigue la conducta o capacidad de un juez o de una jueza”. (Énfasis nuestro).(6)
Por otra parte, un funcionario público tiene legitimación activa cuando un estatuto así se lo confiere.(7) De esta forma, el Canon 7 de Ética Judicial establece que
[c]uando los hechos les consten personalmente, las juezas y los jueces promoverán y cooperarán con los procedimientos disciplinarios que procedan contra cualquier jueza, juez, abogada, abogado, funcionaría, funcionario, empleada o empleado de la Rama Judicial que actúe contrario a lo dispuesto en los cánones, en las normas administrativas, en los reglamentos y en las leyes vigentes. (Enfasis nuestro).(8)
Así, en nuestro poder inherente de reglamentar la judicatura, hemos establecido en el Canon 7, supra, la obligación de todo juez con conocimiento personal de promover procesos disciplinarios en contra de los abogados que incurran en violaciones a los cánones del Código de Ética *675 Profesional. Por lo tanto, resulta imposible que este mandamiento ético establezca dicha obligación al funcionario judicial y no le conceda la legitimación activa para cumplir con él.
Es claro, entonces, que el concepto parte promovente, en el contexto de los procesos disciplinarios, se refiere a aquella persona que ha impulsado la acción disciplinaria y que, a su vez, tiene conocimiento personal y legitimación activa con relación a la queja.
En este caso, resolvemos que el peticionario es la parte promovente en el proceso disciplinario, aunque no fue quien directa o expresamente elevó los autos ante esta Curia. Esto, pues fue él quien realmente promovió o impulsó la acción en contra de las licenciadas al solicitarle al Juez Administrador que elevara el expediente que contenía su queja. Es el juez Vissepó y no el Juez Administrador quien claramente tiene el conocimiento personal de lo ocurrido, así como la legitimación activa, por haber sido una de las partes involucradas directamente en los sucesos. Nótese que fue el juez Vissepó quien, según las definiciones que hemos discutido, “impulsó” un proceso disciplinario contra las licenciadas de epígrafe. Así, entonces, por ser el juez Vissepó la parte promovente en el caso, procede que se le reconozcan todos los derechos que nuestro Reglamento le confiere a esta parte en acciones disciplinarias.
J-H HH 1-H
Por los fundamentos que anteceden, y de acuerdo con la Regla 50 del Reglamento del Tribunal Supremo, supra, se ordena a la Secretaria de este Tribunal y a todas las partes que deberán notificar también al juez Vissepó de todo acontecimiento que surja con relación al procedimiento disciplinario en contra de las abogadas de epígrafe, en el cual, y según lo aquí resuelto, él es parte promovente. Además, la Secretaria de este Tribunal deberá enviar copia al juez Vis *676 sepó de todos los documentos que obren en el expediente del procedimiento disciplinario contra las abogadas de epígrafe, en el cual, y de acuerdo con lo aquí resuelto, este es parte promovente.

Se dictará Sentencia de conformidad.

La Jueza Presidenta Señora Fiol Matta hizo constar la siguiente expresión, a la cual se unió la Juez Asociada Señora Rodríguez Rodríguez:
La Jueza Presidenta Señora Fiol Matta entiende que lo que el Tribunal tiene ante su consideración es un asunto interlocutorio dentro de un caso disciplinario que está en una etapa inicial y, por lo tanto, es de naturaleza confidencial por disposición reglamentaria. Por ello, sostiene que la determinación se debía emitir mediante Resolución. Sin embargo, está conteste con definir parte promovente de la manera en que se propone en la Opinión mayoritaria. Hay que tener presente que esta controversia se dio en el contexto de un procedimiento disciplinario contra profesionales del derecho presentado ante el Tribunal Supremo. Este proceso se rige por las disposiciones de nuestro Reglamento y este no provee una definición para el concepto parte promovente.
La Jueza Asociada Señora Pabón Charneco emitió una opinión de conformidad. La Jueza Asociada Oronoz Rodríguez concurrió con lo resuelto en la opinión mayoritaria y se unió a lo expresado por la Jueza Presidenta Señora Fiol Matta.
Opinión de conformidad emitida por la
Jueza Asociada Señora Pabón Charneco.
En esta lamentable coyuntura en que la imagen de la Rama Judicial se encuentra cuestionada, no podemos avalar con nuestro silencio una interpretación, por parte de la Oficina de Administración de los Tribunales, que implicaría lacerar la transparencia y restringir el acceso a reme *677 dios a las partes involucradas en algún asunto ético bajo nuestra jurisdicción. Todo lo contrario. Tal como expresé en días recientes cuando aprobamos las enmiendas a las Reglas de Disciplina Judicial, el silencio y el inmovilismo no son opción. Es por ello, que procede continuar tomando pasos afirmativos para seguir promoviendo la transparencia que debe permear las labores de la Rama Judicial. Por ello, y por entender que pautar el alcance de lo que constituye una “parte promovente” en las Quejas y en los procedimientos disciplinarios de los abogados en Puerto Rico es un asunto de alto interés público que incide sobre la transparencia que debe caracterizar a la Rama Judicial, estoy conforme con la Opinión que antecede.
Como muy bien se discute en la Opinión del Tribunal, en el contexto de los procesos disciplinarios, una “parte promovente” es aquella que promueve o impulsa una acción disciplinaria por haber estado directamente involucrada en los sucesos que motivaron la presentación de una Queja. La importancia detrás de delimitar de manera clara el alcance de lo que constituye una “parte promovente” es vital para garantizar que a esta se le reconozcan los derechos conferidos por nuestro Reglamento en este contexto particular. Como claro y evidente ejemplo de esto es que se le notifique todo lo que surja con relación al procedimiento disciplinario instado por esta.
Mantener totalmente desinformada a la parte que legítimamente promovió una causa ética sería permitir que los procedimientos disciplinarios de la Rama se diluciden unilateralmente en los pasillos sigilosos y oscuros de la Oficina de Administración de los Tribunales. No podemos avalar tal escenario. La transparencia que estamos llamados a proporcionarle al Pueblo de Puerto Rico no puede ser víctima de la burocracia ni de interpretaciones ilógicas y acomodaticias de nuestro Reglamento. Por ello, la importancia de aprovechar esta oportunidad para precisar que en un procedimiento disciplinario, la “parte promovente” es aque *678 lia que da inicio al procedimiento disciplinario. Según mencionado, una interpretación contraria redundaría en un absurdo jurídico, donde la parte que ocasionó la activación del proceso disciplinario quedaría totalmente ajena a su desenlace. Lo que se constituiría en una traba más para la búsqueda de la verdad y una bruma que empañaría la transparencia que debe caracterizar las labores de la Rama Judicial. Un buen punto de partida es velar por la pureza en un asunto de tanta envergadura como son las notificaciones adecuadas en los procedimientos disciplinarios en la Rama Judicial.
En fin, he reafirmado de manera consistente mi preocupación por la falta de transparencia en la Rama Judicial en los últimos años, y he expresado la necesidad imperiosa de trazar nuevos caminos que logren restaurar de manera efectiva la confianza de los ciudadanos en nuestro sistema de justicia. En momentos cuando el Pueblo exige claridad, no podemos claudicar al conformismo y mantenernos estáticos. Como tampoco podemos incurrir en acciones que obstaculicen y perpetúen la desconfianza de los ciudadanos en nuestro sistema de justicia. A contrario sensu, tenemos el compromiso ineludible de aprovechar cada oportunidad, por más sencilla que parezca, para descorrer el velo de la burocracia y rendirle cuentas al Pueblo. Desaprovechar estas oportunidades equivaldría a anular la confianza de los ciudadanos en una institución que debe promover la búsqueda de la verdad y la justicia sobre todas las cosas.
Con la Opinión emitida hoy, continuamos eliminando los escondites técnicos y los refugios de oscuridad que han permeado en la dirección de la Oficina de Administración de los Tribunales.

 Por constituir un asunto interlocutorio dentro de un caso disciplinario en etapa inicial, este Tribunal ha decidido suprimir los nombres de las licenciadas querelladas e identificarlas por sus iniciales como medida cautelar para proteger la identidad de estas.

 Exhibit I, Orden del Juez Administrador emitida el 27 de mayo de 2014, págs. 5-6.

 íd., pág. 6.

 Regla 14 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRAAp. XXI-B.

 http://lema.rae.es/drae/?val=promover (última visita, 26 de septiembre de 2014).

 In re Aprobación Reglas, 164 DPR 137, 140 (2005).

 Hernández Torres v. Gobernador, 129 DPR 824 (1992).

 In re Aprobación Cánones Ética 2005, 164 DPR 403, 417 (2005).